## BARBARA J. STEINHAUS, TRUSTEE FOR THE HEIRS OF JAMES B. STEINHAUS, AND ANOTHER v. ARNOLD W. ADAMSON.

228 N. W. 2d 865.

April 25, 1975—No. 44825.

*Erickson, Zierke, Kuderer, Utermarck & McKenna* and *Elton A. Kuderer,* for appellant.

*DeParcq, Anderson, Perl & Hunegs* and *O. C. Adamson II,* for respondent.

Heard before Otis, MacLaughlin, and Knutson, JJ., and considered and decided by the court en banc.

MACLAUGHLIN, JUSTICE.

Defendant appeals from the denial of his motion for judgment n.o.v. or, in the alternative, for a new trial. We affirm.

This case arises out of a collision between an automobile driven by plaintiff's decedent and one driven by defendant. Plaintiff's decedent was dead at the scene of the accident, and defendant and his wife both claim to have no recollection of the details of the accident. There were no other witnesses to the accident. After trial, the jury by special verdict found both plaintiff and defendant negligent, apportioning 40 percent of the negligence to plain-

tiff and 60 percent of the negligence to defendant. They found that the damages sustained by plaintiff were $100,000, plus funeral expenses, which amounted to $1,454.90. Because there was a limitation of $35,000 on recovery in actions for death by wrongful act at the time this cause of action arose, the trial court awarded damages of $35,000, plus costs and disbursements.[1]

This is the second appeal to this court arising out of the accident. In the first trial, the trial court determined as a matter of law that the evidence of plaintiff's negligence was not sufficient to rebut the presumption of due care of a decedent in a death action and withdrew the question of plaintiff's contributory negligence from the jury. On appeal, we reversed and granted defendant a new trial, holding that the presumption of due care of a decedent is not evidence of itself but is a procedural device for determining who prevails in the absence of evidence to rebut the presumption. Steinhaus v. Adamson, 294 Minn. 387, 201 N. W. 2d 264 (1972).

The accident out of which this cause of action arose occurred on April 15, 1970, at the intersection of County Road No. 6 and County Road No. 52 in Martin County, Minnesota. County Road No. 6 is 36 feet wide and runs in an east-west direction, and County Road No. 52 is 25 feet wide and runs in a north-south direction. Both roads are of gravel construction and meet at an uncontrolled intersection. To the west of the intersection, there is a dip in the road which partially obstructs visibility to the north for the driver of an automobile approaching the intersection from the west.

Defendant approached the intersection from the west on County Road No. 6. It is not known in what direction the decedent was proceeding. It is known that decedent was employed on a farm to the north of the intersection and lived on a farm to the south of the intersection. A few minutes before the accident

---

[1] The limit was removed in 1971. See, Minn. St. 573.02, subd. 1.

decedent was seen leaving the north farm, and he was apparently going home to the south farm since his wife was expecting him for supper.

Defendant testified that he had no recollection of anything that occurred from a point when he was approximately a mile and a half west of the intersection until sometime after the accident. However, he testified that sometime before the accident he noticed that he was going 50 miles per hour.

Both cars were substantially damaged in the collision with the principal damage to the left front of defendant's car and the right front of decedent's car. Decedent's car was found on its side 172 feet from the apparent point of impact, and defendant's car was found on its wheels 156 feet from the apparent point of impact.

At the close of all the evidence, defendant submitted several requested instructions to the trial court. The trial court was asked, and refused, to instruct that any award for loss of future earnings must be discounted to its present cash value.[2] The trial court refused to instruct that a defendant who suffers from retrograde amnesia is presumed to have been acting in the exercise of due care for his own safety. The trial court refused to instruct that if the jury found that the decedent entered the intersection from the north, and the defendant entered the intersection from the west, then the right-of-way statute applies and the jury must find decedent negligent[3] and, if it found defendant also negligent, apportion negligence accordingly.

During final arguments, counsel for plaintiff suggested to the jury that a verdict in this case "in the hundred thousand dollar bracket is fair and reasonable." After the final arguments, while instructing the jury on the effect of its answers to the per-

---

[2] The proposed instruction was based on Minnesota Jury Instruction Guides, Instruction 162.

[3] See, Riley v. Lake, 295 Minn. 43, 203 N. W. 2d 331 (1972).

centage-of-negligence question,[4] the trial court used the figure $100,000 in a hypothetical example.[5]

Four hours after the jury retired, it returned with a verdict in which it found both plaintiff and defendant negligent, apportioning 75 percent of the negligence to defendant and 25 percent to plaintiff and found damages of $50,000. The following exchange indicates the manner in which the jury arrived at this verdict:

"THE COURT: Ladies and gentlemen of the jury, have you reached a verdict?

"FOREMAN: Yes, we have, Your Honor.

"THE COURT: Hand it to the bailiff please.

"FOREMAN: I would like to have a private consultation with you, Judge, to see if I have the percentages figured right.

"THE COURT: Well, they add up to a hundred percent, that's the main thing.

"FOREMAN: Well, we figured a hundred thousand in dollars and took 50 percent of it, is that the difference, 50 percent, between 25 and 75?

"THE COURT: Well, the damages were supposed to be figured as a separate item without any regard to the percentage, so this really isn't what you had in mind then. Did you figure that the plaintiff was damaged in the amount of $100,000?

"FOREMAN: We wanted her to get so much money, so we figured the percentages between so that she got 50 percent.

"THE COURT: What this would amount to would be $37,-500.00. You would have to reduce this $50,000.00 by 25 percent.

---

[4] Required by Rule 49.01(2), Rules of Civil Procedure.

[5] The following was included in the instructions to the jury: "* * * Just taking a hundred thousand as a round figure, and not as any suggestion at all, 40 percent of that naturally would be $40,000, and $100,000 damages would be reduced to $60,000, and so on. You can figure it out yourselves. Take whatever percentage you arrive at there, but if you answer that question, whatever percentage you find must total up to a hundred."

"FOREMAN: This isn't what we wanted. See we figured a lump sum of the total hundred thousand and we took the percentage. We figured the negligence between the two parties was 50 percent, and 50 percent of a hundred thousand is fifty thousand, maybe we figured that wrong, this is what we wanted to ask you.

"THE COURT: Well, you mean that one was twice as negligent as the other?

"FOREMAN: Well, in order to—

"THE COURT: I think you were trying to arrive at a dollar figure instead of answering the questions the way you were supposed to. I think what I am going to do is send you back to the jury room and start over again, and don't try to figure out how much the plaintiff is going to get. You figure out the percentages on the negligence and figure the total amount of damages and let me do the mathematics after that. See the trouble is I don't know now just what you did mean, and I don't want to take part in the decision either. This is supposed to be your decision.

\* \* \* \* \*

"FOREMAN: If it would be 40/60, there is 40/60, there is 20 percent difference, right?

"THE COURT: No, that's where you are wrong. There is a 40 percent difference then. As I told you when I instructed you before, if it's 60/40, with the 40 being on the Steinhaus side, then the total amount of damages is reduced by 40 percent."

The trial court then went on to re-explain to the jury the manner in which they were to arrive at a verdict and sent them back to the jury room for further deliberations. Approximately one-half hour later, the jury returned with a final verdict, apportioning negligence 60 percent to defendant and 40 percent to decedent and finding damages of $100,000, plus funeral expenses.

Defendant claims that he is entitled to a judgment n.o.v. or, in the alternative, a new trial for the following reasons: (1) Because, as a matter of law, decedent's negligence was greater than or equal to his own; (2) because of the exchange between the

trial court and the jury when the jury first returned to the courtroom; (3) because the trial court refused to give defendant's requested instructions; and (4) because the trial court used $100-000 as an example in instructing the jury immediately after plaintiff's counsel suggested a verdict of $100,000 to the jury.

■ Defendant's argument that decedent's negligence, as a matter of law, was at least equal to his own is without merit. This court will not interfere with a jury's decision apportioning causal negligence except in those rare cases where there is no dispute in the evidence and the factfinder can come to but one conclusion. Riley v. Lake, 295 Minn. 43, 203 N. W. 2d 331 (1972). This is not such a case. As Mr. Chief Justice Knutson said on the appeal from the first trial of this case (294 Minn. 387, 392, 201 N. W. 2d 264, 268):

"Many cases of this kind must be decided on circumstantial evidence. Sometimes physical facts speak louder than words. Jury verdicts are often based on probability rather than mathematical certainty."

There is sufficient evidence in the record to support a finding by the jury that both parties were negligent. Under our comparative negligence law, it was for the jury to determine the percentage of negligence attributable to each party.

■ It is our judgment that defendant was not prejudiced by the exchange that occurred between the trial court and the jury when the jury first returned with a verdict. At that time it immediately became clear to the trial court that the jury had disregarded his instructions and completely failed to comprehend his explanation of their answers. Therefore, exercising his best judgment, the trial court had the right to act reasonably in sending the jury out for further deliberations. We find no error in his re-explanation of the process to be followed by the jury in answering the special interrogatories dealing with comparative negligence and damages. We have concluded that the trial court used good judgment and commonsense in responding to the situation, and we find no error.

■ Defendant has raised several questions regarding instructions:

(a) We agree with defendant that it was error for the trial court to refuse to instruct the jury that any amount it awarded for loss of future earning capacity must be reduced to its present value. See, Ahlstrom v. Minneapolis, St. P. & Sault Ste. Marie R. Co. 244 Minn. 1, 68 N. W. 2d 873 (1955). However, we have concluded that defendant was not prejudiced by this error. First, the verdict undoubtedly included items of damage not susceptible to reduction to present value, such as loss of consortium. Second, and most important, the amount of damages has already been reduced from $100,000 to $35,000. It is unlikely that this instruction, even if given, would have reduced the jury's award of damages to a point where 60 percent of the award would have been less than $35,000.

(b) Minn. St. 602.04 requires a trial court to instruct the jury, in an action for negligently causing the death of another, that the decedent whose death gave rise to the action is presumed to have been acting in the exercise of due care for his own safety. Defendant claims that an amnesiac defendant in a death action is in fairness entitled to the same instruction. We disagree. While we have noted the existence of such a presumption in other jurisdictions,[6] it has never been recognized in this jurisdiction. In Dickson v. Bober, 269 Minn. 334, 130 N. W. 2d 526 (1964), this court stated that it had never recognized that a presumption of due care applies to one who is physically incapable of testifying or communicating due to injuries received in an accident, and

---

[6] On the appeal from the first trial, Mr. Chief Justice Knutson said in Steinhaus v. Adamson, 294 Minn. 387, 392, note 1, 201 N. W. 2d 264, 268 (1972): "It has been held that the presumption of due care applies as well to one who suffers from amnesia as to one who is dead. Klink v. Harrison, 332 F. 2d 219, 229 (3 Cir. 1964). While our statutory presumption does not apply to victims of amnesia, if the common-law presumption applies, affirmative evidence must be required to overcome it the same as is required to overcome our statutory presumption in the case of a person who is dead."

held that it was not error for the trial court to refuse to give instructions to that effect. If good reasons existed for denying the presumption in that case, even better reasons exist for denying the presumption to a person who claims amnesia. Amnesia could be a very convenient disability, especially in cases such as this where there are no other eyewitnesses to an accident. If we were to adopt a presumption of due care for amnesiacs, it could create a temptation to feign amnesia under certain circumstances. We are not persuaded that the adoption of such a presumption, for either plaintiffs or defendants, is wise public policy. We therefore hold that no such common-law presumption exists in this state.

(c) We have reviewed defendant's proposed instruction on the question of right-of-way and hold that the trial court properly instructed the jury. Ordinarily, the trial court is required to instruct the jury that it must find a party negligent if it finds that the party has violated the right-of-way statute. Riley v. Lake, *supra*. However, in this case there were no eyewitnesses who remember anything of what happened, and it could not be conclusively determined that plaintiff's decedent entered the intersection from the north. Therefore, it was not possible to determine whether the right-of-way statute applied. The trial court in his instructions attempted to cover all the various theories of liability presented by both parties in this case. We have examined the record and find that the trial court's instructions fairly covered the various theories. It therefore was not error for the trial court to have denied this instruction. See, Poppenhagen v. Sornsin Const. Co. 300 Minn. 73, 220 N. W. 2d 281 (1974).

■ Rule 49.01(2), Rules of Civil Procedure, requires the trial court to instruct the jury as to the effect of its answers to the percentage of negligence question. In this case, the trial court used the figure of $100,000 as an example in instructing the jury. We do not take a position either in favor of, or in opposition to, the trial court's using a figure in its explanation to the jury. We believe that this question must be left to the sound discretion of

the trial court. However, in our judgment, it would be wise for the trial court to avoid the use of a figure which has been specifically suggested to the jury by counsel for either of the parties. In this case, the trial court, after the jury finally returned with a verdict, inquired as to whether or not the jury had been influenced by the trial court's use of the $100,000 figure. The jury answered in the negative. We are therefore satisfied that defendant has not been prejudiced.

Affirmed.