**Joan I. LEVIENN and Jerome J. Levienn, wife and husband, Appellants,**

v.

**METROPOLITAN TRANSIT COMMISSION et al., Respondents.**

**No. 50239.**

Supreme Court of Minnesota.

Aug. 22, 1980.

Melvin Ogurak, Minneapolis, for appellants.

O'Connor & Hannan and Frederick W. Morris, Minneapolis, for respondents.

Heard before OTIS, YETKA, and SCOTT, JJ., and considered and decided en banc.

OTIS, Justice.

Plaintiffs Joan I. Levienn (hereafter plaintiff) and Jerome J. Levienn (hereafter plaintiff's husband) brought this action for damages sustained when an automobile driven by plaintiff was struck from the rear by a bus owned by defendant Metropolitan Transit Commission (MTC). MTC admitted liability. After a trial on the issue of damages, a jury awarded plaintiff $5,500. Plaintiff's husband was awarded $4,500 as a result of his wife's injuries and $200 for vehicle damage. Advancing several grounds, including insufficiency of damages, the Levienns appeal from an order denying their motion for a new trial. We reverse and remand insofar as the order applies to plaintiff. Insofar as it applies to plaintiff's husband, the order is affirmed.

Plaintiff was injured when the automobile she was driving was struck from the rear by an MTC bus at the intersection of State and Plato Streets in St. Paul on December 23, 1975. Following the accident, plaintiff complained of headaches and neck, shoulder, and back pain. She paid sixteen visits to her family physician for treatment of these ailments. She received twenty-two fills or refills of prescriptions for muscle relaxants and pain relievers. She also underwent thirty-four physical therapy sessions and was hospitalized twelve days for intensive therapy and cervical traction.

At trial plaintiff proved special damages consisting of medical expenses totaling $4,449 and wage loss of $5,149. The medical expenses were fully accounted for in the damage award to plaintiff's husband. Plaintiff's award, $5,500, included compensation for her proven wage loss plus an additional $351 for general damages.

■ In reviewing the sufficiency of this award we must consider the evidence in the light most favorable to the verdict. The award should not be set aside unless it is manifestly and palpably contrary to the evidence. *Miller v. Hughes*, 259 Minn. 53, 56, 105 N.W.2d 693, 696 (1960).

This verdict reflects a finding that defendant's negligence caused plaintiff to suffer physical injury, pain, and discomfort, which in turn required considerable medical treatment and resulted in substantial loss of income. This loss of income and medical expense were occasioned primarily by pain and its resulting disability. Therefore, in addition to her special damages, which the jury determined were fully compensable, we feel that plaintiff has proven substantial general damages.

■ In light of the record as a whole, therefore, the award of $351 for plaintiff's general damages is, at best, a nominal award. We have previously remarked that

"a mere nominal award will not suffice if substantial general damages are proved." *Seydel v. Reuber*, 254 Minn. 168, 173, 94 N.W.2d 265, 269 (1959). For this reason we reverse the denial of plaintiff Joan Levienn's new trial motion. The matter is remanded to the district court which is to carefully examine the record to determine what sum will fairly and reasonably compensate plaintiff for her general damages. Plaintiff should then be granted a new trial unless MTC accepts an additur increasing the verdict by an amount sufficient to cure the general damage deficiency.

The award of damages to plaintiff's husband, however, is entirely consistent with the record. The denial of the motion for a new trial, therefore, is affirmed insofar as it applies to plaintiff's husband, Jerome Levienn.

Since this matter is being remanded in part for a new trial, we find it desirable to comment on another issue raised by plaintiff. At trial, Dr. Ralph H. Swanson, plaintiff's treating physician, testified as an expert on behalf of plaintiff. Dr. Swanson was of the opinion that plaintiff was permanently injured as a result of the accident. During the cross-examination of Dr. Swanson, the defense questioned him with respect to five medical reports concerning plaintiff which were written by one Dr. McPartlin. Dr. McPartlin, a consulting neurologist, had examined plaintiff on at least five occasions between April 1976 and March 1978 upon the recommendation of Dr. Swanson. The five medical reports contained the conclusions of Dr. McPartlin based on these examinations. Portions of the reports were summarized or read directly into evidence by Dr. Swanson during his cross-examination.

The record indicates that a proper foundation was not laid for the cross-examination of Dr. Swanson concerning these medical reports.

The admissibility of this evidence is governed by Minn.R.Evid. 703, 705. Rule 703 states:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

The rule permits an expert to base an opinion on reliable hearsay that might not otherwise be admissible. The Minnesota Committee Comment quotes from the Supreme Court Advisory Committee Note regarding the identical federal rule.

[A] physician in his own practice bases his diagnosis on information from numerous sources and of considerable variety, including statements by patients and relatives, *reports and opinions from nurses, technicians and other doctors*, hospital records, and X-rays. Most of them are admissible in evidence, but only with the expenditure of substantial time in producing and examining various authenticating witnesses. The physician makes life and death decisions in reliance upon them. His validation, expertly performed and subject to cross-examination, ought to suffice for judicial purposes. (citations omitted) [Emphasis added.]

Rule 705 provides for the cross-examination of experts concerning the facts or data upon which an expert bases his or her opinion as follows:

The expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination.

At trial, Dr. Swanson testified that Dr. McPartlin's reports had significance to him and provided a basis for Dr. Swanson's treatment of plaintiff. This testimony alone may have provided an adequate foundation for the cross-examination of Dr. Swanson concerning these reports. However, subsequent testimony disclosed that Dr. Swanson did not receive some of these reports until after he had terminated his

treatment of plaintiff. Thus, at least some of the reports could not have been used by Dr. Swanson in treating plaintiff. Furthermore, it is unclear whether Dr. Swanson relied on these reports in formulating his opinion at trial. On retrial, the evidence of Dr. McPartlin's medical reports should not be admitted by means of cross-examination of Dr. Swanson unless it is shown that Dr. Swanson relied on these reports in formulating his opinion.

Because of our decision regarding the damage issue, there is no need to reach the other issues raised by plaintiff.

Affirmed in part; reversed and remanded in part.

AMDAHL, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.