**Warren WILLS, Respondent,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

No. C8-84-1910.

Court of Appeals of Minnesota.

March 19, 1985.

Rodney J. Mason, Chandler & Mason, Ltd., St. Paul, for respondent.

Robert W. Murnane, Lawrence R. King, Murnane, Murnane, Conlin, Brandt & Hoffman, Ltd., St. Paul, for appellant.

Considered and decided by FORSBERG, P.J., and PARKER and LANSING, JJ., with oral argument waived.

### OPINION

FORSBERG, Judge.

This is an appeal from summary judgment entered for Wills on his claim that State Farm was required under his uninsured motorists coverage with them, to pay his special damages from an automobile accident, for which damages he had previously received workers compensation benefits. We affirm.

## FACTS

Respondent Warren Wills was injured on November 19, 1981, when the automobile in which he was riding was forced from the road in San Juan, Puerto Rico, by an unidentified vehicle. Wills was performing duties within the scope of his employment with Minnesota Mining and Manufacturing (3M). Wills had two personal automobile insurance policies with State Farm, each including uninsured motorists coverage of up to $100,000.

3M paid workers compensation benefits to Wills for his damages arising out of the accident. This compensation did not fully provide for Wills' wage loss, so State Farm paid $3,453.72 of wage loss under its basic economic loss benefits coverage. This payment is not at issue.

It is agreed that neither the unidentified vehicle nor the car in which Wills was riding maintained insurance as required by our No-Fault Act. Wills made a claim for uninsured motorists benefits. State Farm settled Wills' claims for general damages, but disputed his right to recover special damages under this coverage, claiming that such damages had already been paid by workers compensation.

The trial court ordered State Farm to arbitrate the amount of damages to which Wills would have been entitled from the uninsured motorists involved, including damages already paid by workers compensation.

## ISSUE

Are special damages payable from uninsured motorists coverage if the insured has been paid for the same damages by workers compensation?

## ANALYSIS

The No-Fault Act defines the relation of workers compensation to basic economic loss benefits coverage:

Basic economic loss benefits shall be primary with respect to benefits, except for those paid or payable under a workers' compensation law * * *.

Minn.Stat. § 65B.61, subd. 1 (1982). The Act, however, does not define the relation of workers compensation to uninsured motorists coverage.

■ Uninsured motorists coverage, providing protection when the insured is "legally entitled to recover damages," Minn. Stat. § 65B.49, subd. 4(1) (1982), from the uninsured motorist, is not a no-fault coverage, although incorporated into the statute. This coverage was required by statute before enactment of the No-Fault Act, which has been held not to have been intended to alter uninsured motorists protection. *Gudvangen v. Austin Mutual Insurance Co.,* 284 N.W.2d 813 (Minn.1978), *aff'd rehearing,* 284 N.W.2d 817 (1979).

Appellant relies on case law stating the primacy of workers compensation to "no-fault" insurance coverage, as in *Metropolitan Transit Comm'n v. Bachman's,* 311 N.W.2d 852, 854–55 (Minn.1981):

Under the "uniform system" of workers' compensation and no-fault insurance, the payment of workers' compensation benefits is primary. [cites omitted] Thus, when an employee receives benefits under workers' compensation and no-fault, the no-fault benefits must be reduced by the amount of workers' compensation benefits paid. [cites omitted].

All of these cases, however, involve some form of basic economic loss benefits; none involve uninsured motorists coverage. *See, Bachman's* (disability benefits); *Griebel v. Tri-State Insurance Co.,* 311 N.W.2d 156 (Minn.1981) (income loss benefits); *Roepke v. Western National Mutual Insurance Co.,* 302 N.W.2d 350 (Minn.1981) (survivors benefits); *Record v. Metropolitan Transit Comm'n,* 284 N.W.2d 542 (Minn.1979) (income loss benefits).

■ Payments due under uninsured motorists coverage were held not to be subject to a reduction for workers compensation benefits in *Brunmeier v. Farmers Insurance Exchange,* 296 Minn. 328, 208 N.W.2d 860 (1973). Although *Brunmeier* preceded the No-Fault Act, its holding has been reaffirmed by this court in *Fryer v. National Union Fire Insurance Co.,* 346 N.W.2d

353 (Minn.Ct.App.1984). Since uninsured motorists is not a "no-fault" coverage, this result is consistent with the statutory scheme.

State Farm also contends that because the workers compensation benefits were paid in lieu of basic economic loss benefits, they are the same as these no-fault benefits, for the purposes of the following provision:

> No recovery shall be permitted under the uninsured motor vehicle provisions of this section for *basic economic loss benefits paid or payable,* or which would be payable but for any applicable deductible.

Minn.Stat. § 65B.49, subd. 4(4) (1982) (emphasis added). State Farm argues that, since the workers compensation benefits were a substitute for, and covered the same items of damage as, basic economic loss benefits, no recovery can be had for them under uninsured motorists coverage.

If this statutory exclusion applies to workers compensation benefits paid in lieu of basic economic loss benefits, however, then such benefits would always be deductible from uninsured motorists benefits, contrary to *Brunmeier* and *Fryer.*

The benefits sought here will result in a double recovery for Wills. That result, however, is approved in *Brunmeier:*

> [W]e recognize that the plaintiff will be entitled to recover both the proceeds of the uninsured-motorist coverage and the statutory benefits under the Workmen's Compensation Act without any set-off. Nevertheless, we find nothing in the uninsured-motorist statute which suggests an intent to prefer the liability carrier to the policyholder if there is to be a windfall to one or the other.

296 Minn. at 332, 208 N.W.2d at 863.

### DECISION

The trial court correctly concluded that *Brunmeier,* as reaffirmed in *Fryer,* prevents the reduction of uninsured motorists benefits by workers compensation benefits received for the same loss, even though a double recovery results. The primacy of workers compensation over basic economic loss benefits, a no-fault coverage, does not extend to uninsured motorists benefits, a fault-based coverage.

Affirmed.