Wiley K. YATES and Mary
Yates, Appellants,

v.

HANNA MINING COMPANY, INC.,
Defendant and Third Party
Plaintiff, Respondent,

Abe W. Mathews Engineering Company,
Third Party Defendant, Respondent.

No. C7–84–1073.

Court of Appeals of Minnesota.

April 9, 1985.

Review Denied June 24, 1985.

Russell A. Ingebritson, Minneapolis, for Wiley K. Yates and Mary Yates.

Halverson, Watters, Bye, Downs & Maki, Duluth, for Hanna Mining Co., Inc.

Hanft, Fride, O'Brien & Harries, Duluth, for Abe W. Mathews Engineering Co.

Heard, considered, and decided by WOZNIAK, P.J., and PARKER and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

This is a slip and fall case. Appellant Wiley Yates (Yates) appeals the court's denial of his motions for new trial and for judgment n.o.v. He contends that the court erred by refusing him the opportunity to comment on jury instructions and by submitting misleading instructions to the jury. Respondent Mathews Engineering (Mathews) filed a notice of review contesting a jury instruction that it had a nondelegable duty to provide Yates with a safe work area and contesting denial of its motion for directed verdict against Hanna Mining (Hanna). We reverse and remand.

## FACTS

On March 7, 1977, Yates slipped and fell in a puddle while working at a taconite plant owned by Hanna. He was on the premises as an employee of Mathews which was hired to repair and install some equipment. Yates sued Hanna for his injuries. He was receiving workers' compensation and did not bring an action against Mathews. Hanna sued Mathews for indemnity and contribution. Each party presented evidence to indicate the fault of the other two.

Hanna's contract with Mathews required the former to "maintain a proper working environment." From time to time, Hanna employees inspected and washed down floors to remove taconite silt. Sometimes the silt accumulated in puddles to create a slippery film. It is uncontested that Yates fell in one of these slippery puddles. The particular spot where he fell was prone to collect silt because of poor drainage. The puddle extended from wall to wall in an

area where Mathews employees worked. Therefore, Yates argued that Hanna was negligent.

A Mathews employee testified that Yates' foreman, Horvath, knew about the hazardous puddle. Horvath denied knowing that the puddle was slippery until Yates fell. Horvath never requested Hanna to clean up puddles in the area where Mathews employees worked. This testimony tended to show negligence on the part of Mathews.

Prior to Yates' fall, there was no record of falls in that particular spot or in the entire plant. However, a Mathews employee had slipped in the same spot when he walked fast. Mathews employees had been working in the vicinity of the puddle all day before the afternoon of the fall. Horvath estimated that he personally went through the puddle perhaps 16 times without incident. He testified that Yates may have been through the puddle before falling also. There was a railing in the area where Yates fell. There also may have been less convenient but alternative routes around the puddle. Testimony regarding these facts tended to show that Yates himself was negligent.

Prior to closing argument, counsel for all parties met in chambers with the trial court. The court repeatedly admonished Yates' counsel that it would be improper to tell the jury about the legal effect of their findings. The only reason the court gave for limiting comment was its belief and its practice in the past of not allowing comment on the legal effects of the jury's findings. The court allowed counsel only to "paraphrase" the comparative fault instruction to the jury.

In closing argument, Yates' attorney emphasized "that Hanna Mining Company's negligence was the sole cause of this accident." He complied with the court's admonition by not commenting on the court's comparative fault instruction. The court instructed on comparative fault as follows:

> You are instructed that [Yates] may not recover from a defendant when the plaintiff Wiley Yates' fault is as great as or greater than the fault of that individual defendant.[1]

The jury allocated fault to all three parties: Hanna 20%, Mathews 45%, and Yates 35%. Because his negligence exceeded Hanna's, Yates did not recover against that defendant.[2] Because he collected workers' compensation benefits from his employer, Yates did not recover from Mathews.[3] The jury found damages of $365,000.

## Issues

1. Did the court unduly restrict plaintiff's counsel from commenting on apportionment of fault during closing argument?

2. Did the court properly instruct the jury that Mathews Engineering had a non-delegable duty to provide a safe working environment for its employees?

3. Did the court properly deny Mathews Engineering's motion for directed verdict against Hanna Mining?

## Analysis

■ 1. A. Generally the jury may be made aware of the legal impact of apportioning fault under Minn.Stat. § 604.01:

> the court shall inform the jury of the effect of its answers to the percentage of negligence question and shall permit counsel to comment thereon, unless the court is of the opinion that doubtful or unresolved questions of law, or complex issues of law or fact are involved, which may render such instruction or comment erroneous, misleading or confusing to the jury.

Minn.R.Civ.P. 49.01(2).

This court has had occasion recently to construe this rule. In *Christopherson v.*

---

1. Prior to April 15, 1978, the Minnesota Comparative Fault Statute barred recovery to a plaintiff whose fault was as great as or greater than that of a defendant. This was amended by Laws 1978, § 6, which bars recovery where plaintiff's fault is greater than that of a defendant. This action arose prior to April 15, 1978.

2. Minn.Stat. § 604.01 (1976).

3. *Lambertson v. Cincinnati Corp.,* 312 Minn. 114, 257 N.W.2d 679 (1977).

*Ind. Sch. Dist. 284*, 354 N.W.2d 845 (Minn. Ct.App.1984), we reviewed a trial court order that prevented attorneys from arguing the effects of comparative fault to the jury. The jury allocated fault 50% to the plaintiff, 40% to one defendant, and 10% to another defendant. In reversing and remanding for new trial, the court stated:

> Counsel should have been permitted to comment upon the effect of the jury's answers to the percentage of fault question. The trial court's instruction that contributory fault would not bar appellants from recovery 'if the contributory fault was not greater than the fault of the person against whom recovery is sought' was inadequate. Without further explanation, the jury could easily have believed their verdict allowed appellant to recover half of their damages.

*Christopherson*, 354 N.W.2d at 848.

The present multi-party case is analogous to *Christopherson*. Yates sought to explain the meaning of comparative fault to the jury through the use of hypothetical examples in final argument. This is an acceptable practice. 4 J. Hetland & O. Adamson, *Minnesota Practice*, Minnesota Jury Instruction Guides 130 (1974). The trial court denied Yates proper final argument. That denial deprived Yates of an opportunity to comment meaningfully on the court's comparative fault instruction. That was reversible error.

Yates also sought to focus the jury's attention on the fact that he could recover from Hanna but not from Mathews. The trial court refused to allow any comment to that effect. The extent to which an employee may tell the jury that he cannot recover from his employer in third-party actions involving workers' compensation is controversial. The Minnesota Supreme Court has indicated that it is error to disclose to a jury the fact that an employee has received workers' compensation. *Lee v. Crookston Coca-Cola Bottling Co.*, 290 Minn. 321, 188 N.W.2d 426 (1971). Further, the court has addressed the presence of an employer as a party in an employee's action against other defendants. In *Cambern v. Sioux Tools, Inc.*, 323 N.W.2d 795 (Minn.1982), an employee was injured while in the employ of Bayliner by a product manufactured by Sioux Tools. The jury allocated fault 35% to the employee, 20% to Sioux Tools, and 45% to Bayliner. Because the employee had collected workers' compensation from Bayliner, the verdict, as in this case, completely deprived plaintiff of recovery. Plaintiff, on appeal, argued that the court should have aggregated the fault of the two defendants, thus allowing plaintiff to recover. The *Cambern* majority observed:

> The dissent points out that since *Lambertson v. Cincinnati Corp.*, 312 Minn. 114, 257 N.W.2d 679 (1977), the manufacturer has had a contribution claim against the plaintiff's employer and, therefore, can sue the employer as a third-party defendant. Thus, instead of a lawsuit in which the jury compares only the fault of the plaintiff and the defendant manufacturer, now, since *Lambertson*, the fault of still another actor, the employer, is to be compared along with that of plaintiff and the manufacturer. The dissent argues this is unfair since, presumably, if the employer were not in the case it would be easier to succeed against the defendant manufacturer on the comparison fault question. Of course, even if defendant Sioux Tools had not brought in the employer as a third-party defendant, the issue of the employer's fault would still have been submitted to the jury in apportioning negligence as between plaintiff and defendant Sioux Tools.   *  *  *
>
> The reason plaintiff cannot recover in this case is not because her employer is immune from her suit but because plaintiff was found by a jury to be more negligent than the defendant manufacturer.

*Cambern*, 323 N.W.2d at 799.

■ *Cambern* emphasizes that an employee compromises his recourse to recover from his employer through legal action whenever he collects workers' compensation benefits. We conclude that the nonemployer defendant would be unduly prejudiced if plaintiff were allowed to inform

the jury that recovery from his employer was impossible. Short of explicit disclosure, however, we believe an employee in Yates' position is entitled to describe for the jury the "posture" of the case. He may indicate that he brought an action against the nonemployer, is seeking recovery only from that nonemployer, and that the nonemployer alone has brought action against the employer. Finally, he may argue to the limit of the facts, as Yates did, that his employer was not at fault and that the nonemployer was.

■ B. Following trial, the court justified its "no comment" ruling regarding the effect of the jury's answers to the comparative fault question by characterizing this case as "complex." Thus, the court attempted to invoke the exception in rule 49.01(2) by stating:

> While the Court, as a general rule, allows counsel under Minn.R.Civ.P. 49.-01(2) to freely comment on the effect of the jury's answer to the comparative fault question, the Court feels that in situations involving Minn.Stat. § 176.061 the complex issues involved would either make full comment erroneous or confusing to the jury.

Notably, the trial court was silent as to the complexity of the case when it announced its "no comment" rule during trial. Further, even if timely determination of complexity had been made by the court, we discern no basis upon which that determination could be upheld on review. This is not a complex case. The fact of receipt of workers' compensation would not be disclosed to the jury. *Lee.* The jury's only concern would be the ascertainment and apportionment of fault among Yates, Mathews, and Hanna. Comment would not have confused or misled the jury. To the contrary, we believe it would have enlightened the jury's deliberations. *See Christopherson* ; *Togstad v. Veseley, Otto, Miller & Keefe,* 291 N.W.2d 686 (Minn.1980).

■ Yates requested that, in the event that the court's restrictive rule on comment withstood review, we find the jury instructions on comparative fault to be insufficient. Inasmuch as this issue may resur-

face upon remand, we address it and find that the court's instruction on comparative fault, which nearly tracks Minn.Stat. § 604.01 and JIG 148–S verbatim, was sufficient, when accompanied by counsel's commentary.

■ Yates also requested judgment n.o.v. against Hanna. In view of the conflicting evidence, judgment n.o.v. was not warranted. The jury is uniquely qualified to apportion negligence. *Steinhaus v. Adamson,* 304 Minn. 14, 20, 228 N.W.2d 865, 869 (1975).

2. Mathews contends that the court erred by instructing the jury that its duty to provide Yates with a safe work environment was absolute rather than delegable. We address this issue because it will recur at the new trial.

■ The court instructed the jury that Mathews had an absolute nondelegable duty to provide a safe working environment for its employees, even though this particular accident occurred on the premises owned by Hanna. Mathews contends that it was relieved of its duty through its contract with Hanna in which the latter agreed to "maintain a proper working environment" for Mathews employees. The law in this state is unwavering: an employer owes his employees a nondelegable duty to furnish a safe place to work. *Novotny v. Bouley,* 223 Minn. 592, 27 N.W.2d 813 (1947); *Chicago Great Western Ry. Co. v. Casura,* 234 F.2d 441 (8th Cir.1956). Such a contract may have imposed additional duties on Hanna, but did not exonerate Mathews. The court's instruction was correct.

■ 3. Mathews also contends that the court erred by not directing a verdict in its favor against Hanna's third-party complaint. This issue must be addressed to guide future litigation of this case. Mathews contends that the contract requiring Hanna to provide "a safe working environment" was a complete defense against Hanna. However, there was evidence that Mathews' employees could have brought the dangerous condition to the attention of

Hanna. They did not. The contract cannot be construed as shielding Mathews from its own negligence. The court properly denied the motion for directed verdict.

### Decision

1. The court improperly restricted closing argument on the issue of apportioning fault.

2. The court properly instructed the jury that Mathews Engineering's duty to maintain a safe work place for Yates was not delegable.

3. The court properly denied Mathews Engineering's motion for directed verdict against Hanna Mining.

We reverse and remand for new trial.

PARKER, Judge (concurring specially).

I concur with the court's judgment but disagree about the extent to which counsel may inform the jury about the effect of its answers to apportionment of fault. I believe counsel should be able to disclose explicitly that plaintiff Yates may not recover from his employer, Mathews Engineering, but only from defendant Hanna Mining.

The court delivered the following instruction:

> Wiley Yates may not recover from a defendant when plaintiff Wiley Yates' fault is as great or is greater than the fault of the individual defendant.

In the context of this case the instruction is false because Yates cannot, in fact, collect from the individual third-party defendant, Mathews Engineering. It is dangerous and unprecedented to permit the jury to be instructed falsely.

Minn.R.Civ.P. 49.01(2) should be interpreted literally. The jury should be informed of the effect of its answers. In *Togstad v. Vesely, Otto, Miller & Keefe*, 291 N.W.2d 686, 696 (Minn.1980), the court approved of a final argument by the plaintiff that he would get nothing if found to be 50 percent or more negligent. Likewise, Yates should be able to tell the jury that he is unable to recover under any circumstances from Mathews Engineering and may recover from Hanna Mining only if his

fault is less than Hanna's. Less than full disclosure impedes the language and purpose of Rule 49.01(2).

The full disclosure rule does not necessitate telling the jury that workers' compensation is involved. The jury can be informed that Yates cannot recover from his employer without being told why. Throughout a trial the jury is exposed to rulings which deprive it of considering evidence; it is not necessarily informed why the evidence is kept out. It is suggested that the jury improperly may speculate about why Yates never sued and does not seek a recovery from his employer. Herein lies the crux of the problem. The trial judge may be forced into the uneviable situation of making judgment calls during final argument about how closely a plaintiff may approach the line of full disclosure. The semi-disclosure rule is impractical.

It is suggested that full disclosure will unfairly prejudice defendant Hanna Mining. This is false. Hanna Mining's situation here is no different from that of a defendant in a simple multi-party suit. In each instance the jury should be permitted to know the precise circumstances under which a plaintiff may recover.