**Robert Eugene CLARK, Appellant,**

v.

**JOHNSON BROTHERS CONSTRUCTION, Donald Merlin Jensen, Respondents.**

No. C3–84–1667.

Court of Appeals of Minnesota.

July 9, 1985.

Review Denied Sept. 19, 1985.

Peter W. Riley, DeParcq, Perl, Hunegs, Rudquist & Koenig, P.A., Minneapolis, for Robert Eugene Clark.

Craig Anderson, Susan Thurmer, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for Johnson Bros. Const.

Robert L. Hoppe, Minneapolis, for Donald Merlin Jensen.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant appeals a judgment in his favor and the trial court's order refusing to grant a new trial. Appellant claims a new trial is required because (1) defense counsel repeatedly referred to the existence of appellant's health insurance, (2) defense counsel appealed to single juror by name during closing argument, (3) the trial court refused to instruct the jury regarding the impact of inflation on future medical costs, and (4) the jury's damage award was less than the proven special damages. We reverse and remand.

## FACTS

At 7:00 a.m. on June 26, 1974, appellant was riding his motorcycle northbound on Highway 100. Rush hour traffic was moving at 40 to 50 miles per hour. Appellant was following a van driven by respondent Donald Jensen. Employees of respondent Johnson Brothers Construction Company were working near the highway at a point just over a hill. The employees were unloading a bulldozer from a low-boy tractor, which required them to block off the far right lane. A flagman employed by Johnson Brothers stepped out into the far right lane without warning and held up a stop sign. Jensen was forced to stop his van abruptly. Appellant attempted to avoid a direct collision with the rear of the van by laying down his motorcycle. Nonetheless, he collided with the van.

Appellant was hospitalized for a period of two months. Appellant's injuries included a fractured left leg and bleeding in his abdominal cavity, both of which required emergency surgery. Appellant's permanent injuries include facial scars, an abdominal scar, increased exposure to bowel obstructions, and a severely disfigured left leg which causes him to walk with a limp. Appellant received no medical care between 1975 and 1982, at which time he consulted Dr. Cheseler about cosmetic surgery.

At the time of the collision, appellant worked at the Thexton Company and continued to work there until 1979. Appellant was not able to return to work from the date of the collision until August 1975, at which point he worked half time for 10 weeks until resuming full time work. Appellant suffered the following losses:

| | |
|---|---|
| Medical expenses through 1975 | $17,202 |
| Future medical expenses | 12,000(minimum) |
| Lost wages | 21,152 |
| Total | $50,354 |

Appellant sued, and the case was tried May 22, 1984. During cross-examination, Johnson Brothers' counsel questioned appellant about his health insurance coverage. Appellant was asked why he had not already had cosmetic surgery and responded he could not afford it. Defense counsel then asked appellant whether any of his medical bills were paid by insurance. Appellant answered yes. Appellant's counsel's objection to the mention of insurance was overruled.

During final argument, Johnson Brothers' counsel again mentioned appellant's insurance. A bench conference was immediately held, and appellant's request for a curative jury instruction was denied. John-

son Brothers' counsel was ordered to refrain from mentioning insurance. Immediately thereafter, Johnson Brothers' counsel stated:

> And the suggestion was made to you by Mr. Clark that he could not afford medical care. I think you know that not to be the situation in this case.

During final argument, Johnson Brothers' counsel also referred to juror Steven Hill by name. Defense counsel suggested Hill knew Johnson Brothers was not a multimillion dollar company because Hill had been an auditor for Johnson Brothers. The next day, appellant's counsel objected in chambers to the personal reference to Hill. His request for a curative jury instruction was denied, and Hill was later chosen jury foreman.

During trial, appellant called Dr. Cheseler to testify the cost of medical care was rising. On the basis of this testimony, appellant asked that the jury instructions permit the jurors to consider the effects of inflation and rising medical care costs in determining the amount of damages. The trial court refused this request. Instead, the court instructed the jury to determine damages and then award the present value of those damages pursuant to JIG II, 162 G–S.

On May 31, 1984, the jury found appellant 45 percent negligent and respondent Johnson Brothers 55 percent negligent. The jury awarded damages of $50,000. The trial court denied appellant's motion for a new trial, and judgment was entered for $29,785.50.

## ISSUES

1. Is a new trial required when defense counsel makes repeated reference to a plaintiff's health insurance coverage?

2. Is a new trial required because defense counsel appealed to a single juror by name?

3. Were the trial court's jury instructions regarding future medical costs erroneous?

4. Was the jury's damage award inadequate?

## ANALYSIS

1. Appellant claims defense counsel's repeated reference to appellant's health insurance coverage was improper. Johnson Brothers claims its reference to insurance was proper impeachment for appellant's statement that he could not afford cosmetic surgery.

> [I]t is well settled by the decisions of this state that insurance coverage of the plaintiff has no effect on the liability of a defendant for a tort. This is on the theory that defendant cannot escape liability for his wrong because of insurance bought and paid for by plaintiff. The insurance was not carried for the benefit of defendant but for the protection of plaintiff. Consequently the existence of insurance [is] immaterial for the purpose of defeating recovery of damages.

*Donohue v. Acme Heating Sheet Metal and Roofing Company, Inc.*, 214 Minn. 424, 425–26, 8 N.W.2d 618, 619 (1943) (citations omitted).

Evidence of insurance is admissible under limited circumstances.

> [T]he rule we have followed, as shown by our case law, is that the existence of insurance in a case such as this may not be shown to defeat or diminish recovery, but, if it becomes relevant to prove or rebut an issue arising in the trial of the case, it may be admissible even though it is prejudicial.

*Wilson v. Home Gas Company, Inc.*, 267 Minn. 162, 168, 125 N.W.2d 725, 729 (1964). *Wilson* held evidence of insurance was admissible where the plaintiff claimed traumatic mental depression resulting from his belief he was not covered by insurance. *Id.* at 167, 125 N.W.2d at 729. Likewise, in *Danielson v. Johnson*, 366 N.W.2d 309 (Minn.Ct.App.1985), we held inquiry regarding a plaintiff's health insurance was proper to impeach his statement that he did not go to the doctor because he could not afford treatment. *Id.* at 315. In *Danielson*, however, the impeachment was proper

because one of the issues in the case was whether the plaintiff actually suffered soft tissue injuries. *Id.* at 312.

■ In this matter, the fact that appellant suffered facial scars was undisputed. The reason appellant had not received cosmetic surgery was not related to any fact of consequence to the determination of the action. *See* Minn.R.Evid. 401. We believe trial counsel referred to appellant's health insurance coverage solely to reduce damages by showing appellant had insurance. Likewise, the trial court refused to give a limiting instruction to the jury. Under these circumstances, defense counsel's repeated references to insurance were irrelevant and highly prejudicial. *See Purdes v. Merrill*, 268 Minn. 129, 135–36, 128 N.W.2d 164, 168 (1964).

■ 2. Singling out a juror and appealing to him by name is improper. *See* Minnesota Rule for Uniform Decorum in the District Courts 16; *see also* Minnesota Code of Professional Responsibility EC 7–36.

> There is here something more than an exhibition of what advocacy should not be. There was a violation of [appellant's] legal rights.

*Zemliansky v. United Parcel Service, Inc.*, 175 Misc. 829, 830, 24 N.Y.S.2d 672, 673 (N.Y.Sup.Ct.1940). *See generally* J. Sonsteng, R. Haydock & J. Boyd, the Trialbook—A Total System for the Preparation and Presentation of a Case § 10.9 (law. ed. 1985).

3. Appellant claims the trial court erred by refusing to instruct the jury regarding the impact of inflation on future medical costs. The trial court instructed the jury using the standard instruction regarding the present value of future damages. *See* 4 J. Hetland & O. Adamson, Minnesota Practice JIG II, 162 G–S (1974).

■ The trial court did not err by using the standard jury instruction. *See Steinhaus v. Adamson*, 304 Minn. 14, 21, 228 N.W.2d 865, 869–70 (1975); *Ahlstrom v. Minneapolis, St. Paul & Sault Ste. Marie Railroad Company*, 244 Minn. 1, 68 N.W.2d 873 (1955). Although the court had the discretion to include an instruction regarding inflation, it was not required to do so. Appellant was not prejudiced by the instruction because appellant was able to introduce testimony about rising medical costs.

■ 4. Appellant claims he is entitled to a new trial because the damages awarded by the jury are inadequate. The jury found $50,000 in damages, and appellant's proven special damages are in excess of $50,000. If the damages awarded by the jury encompass only special damages when general damages such as pain and suffering and permanent disability have also been proven, the jury's damages are inadequate. *See Levienn v. Metropolitan Transit Commission*, 297 N.W.2d 272, 274 (Minn.1980).

> [A] mere nominal award will not suffice if substantial general damages are proved.

*Id.* (quoting *Seydel v. Reuber*, 254 Minn. 168, 173, 94 N.W.2d 265, 269 (1959)). Appellant has proven special damages in excess of the jury's award; his general damages are significant. The damages awarded by the jury were inadequate.

■ Appellant has not appealed the jury's apportionment of negligence. Therefore, a new trial is required only on the issue of damages. *Seydel*, 254 Minn. at 173–74, 94 N.W.2d at 269–70.

## DECISION

Defense counsel's comments about insurance and appeal to a single juror by name were improper. The trial court's jury instruction regarding the present value of future damages was not erroneous. The jury's damage award was inadequate.

The total effect of defense counsel's actions deprived appellant of a fair trial and resulted in an inadequate jury award. This matter is remanded for a new trial on the issue of damages.

Reversed and remanded.