James E. RAYFORD, Appellant,

v.

METROPOLITAN TRANSIT COMMISSION, Respondent.

No. CX–85–1157.

Court of Appeals of Minnesota.

Dec. 17, 1985.

Review Denied Feb. 14, 1986.

Andrew P. Engebretson, St. Paul, for appellant.

Howard S. Carp, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant, James Rayford sued respondent Metropolitan Transit Commission for recovery of uninsured motorist benefits and no-fault wage loss benefits for injuries sustained in an accident in February of 1980. The jury found Rayford 30 percent negligent and an unknown driver 70 percent negligent. The jury found Rayford's wage loss to be $28,590, and awarded general damages of $4,000. The trial court: (1) subtracted Rayford's 30 percent negligence from the wage loss award, and pursuant to the agreement of counsel subtracted $10,122 in workers' compensation benefits and $4,998.12 in no-fault benefits which Metropolitan had paid Rayford, and award-

ed Rayford $4,892.88 in uninsured motorist wage loss benefits plus interest; and (2) subtracted Rayford's 30 percent negligence from the general damage award, leaving $2,800 in general damages plus interest. The trial court declined to award Rayford additional no-fault wage loss benefits. On appeal Rayford claims the trial court erred in: (1) deducting the workers' compensation benefits; (2) refusing to award Rayford $3,400 in no-fault wage loss benefits plus penalty interest; and (3) denying Rayford's motion for an additur or a new trial on the issue of general damages. We affirm in part and reverse in part.

## FACTS

In February of 1980, Rayford, while driving a Metropolitan bus, swerved into the left lane to avoid a head-on collision with an unidentified motorist. The bus left the road and Rayford was injured.

Rayford was not hospitalized but was seen the next day by his chiropractor, who diagnosed a primary acute lumbrosacral strain, an acute cervical-dorsal strain and an acute muscular strain of the right knee.

Rayford remained under the chiropractor's care and treatment until October 29, 1981 without medication. Rayford did not return to work until mid-August 1980 when he was advised he could return to work half-time. He showed no improvement and his chiropractor again excused him from any work from December 15, 1980 through July 31, 1981. The chiropractor then recommended a part-time return followed by a full-time return three or four weeks later.

The chiropractor gave Rayford a permanent disability of 15 percent of the total spine. A neurosurgeon deposed by Metropolitan concluded Rayford (1) only has subjective complaints referable to his low back; (2) had no leg symptoms which would indicate nerve impingement; (3) had recovered from any knee problems or left shoulder problems; (4) had a five percent permanent partial disability of the spine; (5) could perform his duties as a bus driver as of the date of his examination; and (6) did not require additional medical treat-

ment. The neurosurgeon claimed there were no objective findings to substantiate Rayford's complaints other than some moderate tightness of his low back muscles.

At trial both counsel agreed in chambers, off the record but in the presence of the trial court, that all workers' compensation benefits and no-fault benefits would be deducted from any wage loss awarded by the jury. Based on the agreement, neither party submitted evidence on the amount of workers' compensation benefits or no-fault benefits which Rayford had received from Metropolitan.

Rayford's gross weekly wages amounted to $381.20. No wage loss benefits were paid after April 3, 1981, although Rayford did not return to work permanently until August 1, 1981.

After the conclusion of the trial Rayford argued that the law did not allow the court to deduct the workers' compensation benefits from the wage loss award and claimed he was entitled to an award for no-fault wage loss benefits. He moved for amended findings or additur to the general damage award, or alternatively for a new trial on the issue of general damages.

Metropolitan then moved for judgment notwithstanding the verdict or a new trial on the issues of the wage loss award and the apportionment of negligence. The trial court denied all motions and on April 10, 1984 the trial court calculated the damages as follows:

| General Damages | $ 4,000.00 | |
|---|---|---|
| | − 1,200.00 | (30%) |
| Total | $ 2,800.00 | |
| Wage Loss | $28,590.00 | |
| | − 8,577.00 | (30%) |
| | $20,013.00 | |
| | −10,122.00 | (Less workers' compensation paid by Metropolitan for temporary total and temporary partial disability benefits.) |

Wage Loss

$ 9,891.00
– 4,998.12 (Less no-fault paid by Metropolitan)

Total        $ 4,892.88

On April 9, 1985 judgment was entered pursuant to the April 10, 1984 order. This appeal was filed June 13, 1985.

## ISSUES

1. Was this appeal timely filed?

2. Did the trial court err in deducting the workers' compensation benefits from the wage loss award?

3. Did the trial court err in refusing to award Rayford no-fault wage loss benefits?

4. Did the trial court err in denying Rayford's motion for a new trial or additur to the general damage award?

## ANALYSIS

### I.

Metropolitan claims Rayford failed to timely file an appeal from the judgment and the order denying the motion for amended findings or a new trial. Metropolitan erroneously identifies the order for judgment as the judgment. Judgment was not entered until April 9, 1985. The appeal from the judgment was timely filed June 13, 1985. *See* Minn.R.Civ.App. P. 104.01.

In addition, Metropolitan never served Rayford with notice of filing of the March 15, 1984 order which denied Rayford's motion for amended findings or a new trial, thereby failing to start the time in which to appeal from the order. *See* Rule 104.01; *O'Brien v. Wendt,* 295 N.W.2d 367, 369–70 (Minn.1980).

■ Denial of a motion for amended findings of fact, conclusions of law and order for judgment may be reviewed on an appeal from the judgment. *Metropolitan Federal Savings and Loan Assn. v. Adams,* 356 N.W.2d 415, 421 n. 1 (Minn.Ct. App.1984), *pet. for rev. denied,* (Minn.Jan. 2, 1985). The portion of the order denying Rayford's motion for amended findings is reviewable.

### II.

Prior to trial in chambers, Rayford orally agreed to deduct workers' compensation benefits from the wage loss award because he erroneously believed the general policy against double recovery required deduction of such benefits. Rayford now contends he should not be bound by the agreement because a subsidiary question of law can only be decided by the court. Metropolitan claims the agreement: (1) should be binding; and (2) altered his trial strategy to cross-examine Rayford about the workers' compensation benefits he received.

■ Generally payments due under uninsured motorist coverage are not subject to a reduction for workers' compensation benefits paid to the insured. *Fryer v. National Union Fire Insurance Co.,* 365 N.W.2d 249, 255 (Minn.1985); *Wills v. State Farm Mutual Automobile Insurance Co.,* 364 N.W.2d 504, 505 (Minn.Ct.App.1985) (citing *Brunmeier v. Farmers Insurance Exchange,* 296 Minn. 328, 208 N.W.2d 860 (1973)).

■ The agreement of the parties concerned a question of law, i.e., should workers' compensation benefits be deducted from an uninsured wage loss award. A "[c]ourt cannot be controlled by agreement of counsel on a subsidiary question of law. Questions of legal effect must be decided by the court uninfluenced by stipulations of the parties or counsel." *Yellow Manufacturing Acceptance Corp. v. Handler,* 249 Minn. 539, 542, 83 N.W.2d 103, 106 (1957) (citing *Tynan v. KSTP, Inc.,* 247 Minn. 168,

77 N.W.2d 200 (1956)). The trial court should not have deducted the workers' compensation benefits from the wage loss award.

 We might add that Metropolitan has not suffered as a result of the alteration of its trial strategy. He was not entitled to cross-examine Rayford about workers' compensation benefits received in any event because such collateral benefits were not relevant to Rayford's claim for damages.

### III.

 Rayford claims he is entitled to an award of no-fault wage loss benefits totaling $3,400 plus penalty interest in view of the jury's finding on the wage loss issue. Rayford failed to request an interrogatory in the special verdict form on the issue of no-fault wage loss benefits and failed to introduce into evidence the specific amount of no-fault benefits Rayford had received. He also failed to object to the special verdict interrogatory form. Thus, the trial court correctly refused to summarily award Rayford no-fault wage loss benefits `plus penalty interest. It really made no difference because any no-fault wage loss paid would be deducted from the uninsured motorist recovery. *See* Minn.Stat. § 65B.49, subd. 4(4) (1984).

### IV.

 Rayford claimed an additur to the general damage award or alternatively a new trial on the issue of general damages. In reviewing the sufficiency of a damage award we must consider the evidence in the light most favorable to the verdict. *See Levienn v. Metropolitan Transit Commission*, 297 N.W.2d 272, 273 (Minn.1980). "The award should not be set aside unless it is manifestly and palpably contrary to the evidence." *Id.* (citing *Miller v. Hughes*, 259 Minn. 53, 56, 105 N.W.2d 693, 696 (1960)). We find the jury's award for general damages was not manifestly contrary to the evidence. The neurosurgeon found minimal permanency and general recovery. There was no hospitalization nor

prescribed medication. A substantial wage loss award does not mandate a finding of serious or permanent injury.

### DECISION

The appeal from the judgment and order denying the motion for a new trial or amended findings was timely. The trial court erred in deducting workers' compensation benefits from the uninsured wage loss award based upon an agreement contrary to the law providing that workers' compensation benefits be deducted from uninsured motorist benefits. Rayford is entitled to $15,014.88 in uninsured wage loss benefits plus interest. The trial court did not err in refusing to award appellant $3,400 in no-fault wage loss benefits, plus penalty interest. The trial court's denial of Rayford's motion for a new trial or additur to the general damage award was not an abuse of discretion.

Affirmed in part and reversed in part.