**Duane H. LIESER, et al., Respondents,**

v.

**David G. SEXTON, et al., Appellants.**

**No. C0–88–193.**

Supreme Court of Minnesota.

June 23, 1989.

Kevin S. Carpenter, Quinlan, Sherwood, Spellacy & Travestad, P.A., St. Cloud, for appellants.

Robert D. Stoneburner, Paynesville, for respondents.

KEITH, Justice.

The respondents, Duane and Rosella Lieser, were involved in an automobile accident in 1983 with appellant, David Sexton, who at the time was driving a vehicle owned by respondent KOMO Machine, Inc. Duane Lieser commenced this action seeking past and future damages for personal

injuries, and Rosella Lieser claimed damages for loss of consortium. Trial commenced in September 1987. At the close of evidence, the trial court entered a directed verdict in favor of the respondents on the issue of liability and the jury decided only the issue of damages. The jury made an award for past medical expenses, pain, lost earnings and loss of consortium. It also awarded damages for future medical expenses, future pain, disability and emotional distress, and future loss of consortium. It determined that these losses would occur over 28 years. The jury made no award for future loss of earning capacity.

At the time of trial, Minn.Stat. § 604.07 (1986) was in effect, requiring all future damages to be discounted to present value. The trial judge in this case applied the statutory formula, and discounted the jury's award of future damages. *See Bianchi v. Nordby*, 409 N.W.2d 835 (Minn. 1987). However, the jury was never informed that the judge would discount their award of future damages. The Liesers appealed, challenging the validity of the discount statute as applied in their case. After the appeal was filed, but before the case was decided, the legislature repealed § 604.07. *See* Act of April 12, 1988, ch. 503, § 5, 1988 Minn. Laws 375, 378. The repeal was made "effective the day following final enactment and appl[ies] to all cases pending or brought on or after that date." *Id.* § 6 at 378. The court of appeals, relying on its earlier decision, *Olsen v. Special School Dist. No. 1*, 427 N.W.2d 707 (Minn.App.1988) held that the repeal applies to cases pending on appeal, and it reversed the trial court's discounting of the future damages. *Lieser v. Sexton*, No. 88–193 slip op., 1988 WL 88548 (Aug. 30, 1988 Minn.App.) (unpublished). The court then remanded the issue of future medical expenses for a new trial, since under the law existing prior to the enactment of § 604.07, the jury could perform a discount of future damages. We granted the peti-

tion for further review of the court of appeals decision, and we now affirm the decision, but reverse it insofar as we believe that a new trial on all future damages is appropriate.

■ In repealing § 604.07, the legislature intended that the repeal would apply to cases pending on appeal. This is evident from the language used in the repealer, applying it to *"all* cases pending," and from the fact that the repeal has an immediate effective date.[1] This is sufficient to overcome the presumption that statutes are not intended to have a retroactive effect. Minn.Stat. § 645.21 (1988). The retroactive effect of the repeal is permissible in this instance since § 604.07 was essentially a procedural statute, and the repeal of that statute does not affect any vested rights of any parties to this action. *See, Olsen*, 427 N.W.2d at 711–12.

■ The court of appeals properly remanded the issue of future medical expenses for a new trial. The law existing before the enactment of § 604.07 permitted those types of damages to be reduced to present value by the jury. *See Busch v. Busch Const., Inc.*, 262 N.W.2d 377, 395–96 (Minn.1977); *Steinhaus v. Adamson*, 304 Minn. 14, 21, 228 N.W.2d 865, 869 (1975). The parties should be allowed to present evidence to the jury about the present value of the money which will be used to compensate the plaintiff for expenses incurred in the future.

■ We disagree with the court of appeals only because we believe that a new trial is also appropriate on the issue of future damages for pain, disability and emotional distress, and on Rosella Lieser's claim for future loss of consortium. Although these types of damages are not to be reduced to present value, *see Busch*, 262 N.W.2d at 397, *Steinhaus*, 304 Minn. at 22, 228 N.W.2d at 870, the jury in this case was never advised that the judge would perform a discount of future damages, and

---

1. The relevant legislative history indicates that the statute was repealed to remedy a perceived inequity in its operation, particularly as it applied to reduce awards for long term future medical expenses. *See* Hearings on House File No. 1493, before the Civil Law Subcommittee of the House Judiciary Committee, 1988 Minn.Legis. March 11, (audio tape) (remarks of Rep. Kelly).

was never advised that they should award future damages in gross, without regard to the present value of that award. Thus, it is impossible to know whether or not the jury discounted these or other future damages awarded. However, because the jury determined that no future loss of earnings would be incurred by the Liesers, that issue need not be remanded for a new trial.

The decision of the court of appeals is affirmed in part, reversed in part and remanded for a new trial.