## STATE EX REL. J. H. BUTTERS v. RAILROAD AND WAREHOUSE COMMISSION AND OTHERS. STATE EX REL. ARTHUR D. SMITH v. SAME.[1]

March 14, 1941.

Nos. 32,704, 32,705.

[1]Reported in 296 N. W. 906.

*J. A. A. Burnquist,* Attorney General, and *George T. Simpson,* Assistant Attorney General, for appellants (respondents below).

*John F. Ball,* for respondents (relators below).

STONE, JUSTICE.

*Mandamus* to compel respondents, who constitute the railroad and warehouse commission, to reinstate relators in state employment. (Two cases are consolidated for this appeal. We shall state the facts in the Smith case, No. 32,705. Those in the companion case are so similar as to need no separate discussion either of law or fact.) The action partakes also of the nature of one for the ordinary judgment for money. The decision was for relator and ordered respondents to reinstate him. Also, it directed judgment in his favor against respondents personally for damages to be measured by the compensation he was earning when discharged,

a deduction to be made for his earnings in other employment thereafter.

Relator was first employed by the commission August 16 and removed November 1, 1937. He was employed again August 1 and removed December 31, 1938. The alternative writ issued January 19, 1939. The trial was had March 29, 1939. The decision was not filed until August 4, 1939.

Relief was granted in application of a provision in the second paragraph of the repealed veterans preference law. 3 Mason Minn. St. 1940 Supp. § 4368. It provides that "a refusal to allow the preference provided for * * * shall entitle such honorably discharged soldier, sailor or marine to a right of action * * * for damages, and also for a remedy for mandamus for righting the wrong."

■ After the trial, before decision and as of April 22, 1939, there became effective L. 1939, c. 441, creating the department of civil service, comprehensively regulating the civil service of the state, and in its § 38 expressly providing that § 4368 and related sections are "hereby superseded." This language, particularly in view of the peculiar provisions in the "prospective saving clause" of the preference law, 3 Mason Minn. St. 1940 Supp. § 4369-2, was as efficacious completely to annul the designated sections as words could be. No more so would have been the use of the word "repeal." City of Los Angeles v. Gurdane (9 Cir.) 59 F. (2d) 161; Bishop v. Bacon, 130 Pa. Sup. 240, 196 A. 918.

■ What is the effect of the repeal upon rights asserted and relief granted under the superseded law? Appellants' contention is that repeal was complete and decisive. For relator, reliance is placed upon 2 Mason Minn. St. 1927, § 10930, which declares generally that the repeal of a statute shall not "affect any right accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the law repealed."

That mandate is controlling unless the later and repealing act manifests a contrary intention. For this case, we have not only the general saving clause of § 10930, but also the special one of the

veterans preference law. 3 Mason Minn. St. 1940 Supp. § 4369-2. It declares that "no provision of any subsequent act * * * shall be construed as inconsistent herewith * * * unless and except only so far as expressly provided in such subsequent act that the provisions of said sections [of the veterans preference law] * * * shall not be applicable or shall be superseded, modified, amended, or repealed."

The framers of the state civil service act seemingly had in mind that specific saving clause. First by § 38, they ordained that the preference law should be "hereby superseded." That is not all. They declared also and as explicitly as possible that substitution of the new law for the old should be effective notwithstanding the specific saving clause of that law. They did so by saying that the substitution should take place in spite of "anything in the 1938 Supplement to Mason's Minnesota Statutes of 1927, section 4369-2, to the contrary notwithstanding." As already appears, § 4369-2 is the saving clause of the preference law. So the state civil service act declares, as plainly as language may, that it shall prevail in the field of veterans' preference, in spite of the specific saving clause of the preference law. All the more plainly, then, must it prevail as against the general saving clause of § 10930.

■ The result is that the remedy of *mandamus* under the veterans preference law was taken away. State ex rel. Kane v. Stassen, 208 Minn. 523, 294 N. W. 647. That remedy was statutory. It was not saved by the civil service law. Hence, when the decision under review was made, it was not available to relator. (In fairness to the trial judge, it should be said that State ex rel. Kane v. Stassen was decided after his decision.)

■ It is immaterial that action was commenced and trial had before repeal. Relator's remedy under the former statute was not yet perfected by final judgment. In that incomplete status, it was equally subject to destruction by repeal of the statute without which it was lifeless. Bailey v. Mason, 4 Minn. 430 (546) ; Crawford, Statutory Construction, §§ 316-318; 1 Lewis' Sutherland, Statutory Construction (2 ed.) § 283.

■ By similar reason, that part of the order directing judgment against respondents for relator's wages lost by reason of his discharge was error. His right to recover depended upon the preference law. That law was repealed before relator acquired any vested right to damages under it. Under no possible construction can there be found an expression of legislative intention that his inchoate right should survive. So his action must stop where the repeal finds it. Troy v. City of St. Paul, 155 Minn. 391, 193 N. W. 726, and cases cited; People ex rel. Eitel v. Lindheimer, 371 Ill. 367, 21 N. E. (2d) 318, 124 A. L. R. 1472; Pittsley v. David, 298 Mass. 552, 11 N. E. (2d) 461.; Penziner v. West American Finance Co. 10 Cal. (2d) 160, 74 P. (2d) 252.

The decision below inadvertently ignored the fact that respondent Matson was not a member of the railroad and warehouse commission at the time of the alleged wrongful discharge. He had no agency, official or otherwise, in that discharge. In no view of the case could he have been liable in damages.

The two orders under review must be reversed. Relator's rights under the veterans preference law are gone. He was deprived of them by the civil service law. Whether he is now entitled to a "permanent classified civil service status" as provided by § 38 of the state civil service act is not for us to determine. To that question, this decision is without prejudice.

Orders reversed.

HILTON, JUSTICE (dissenting).

Grounded upon the premise that the veterans preference law, including its prospective saving clause, was "superseded" by the civil service act, thus destroying all inchoate rights and remedies thereunder, the majority opinion concludes that: "All the more plainly, then, must it [the civil service act] prevail as against the general saving clause of § 10930." Though the correctness of the premise need not be assailed, yet in my judgment the conclusion drawn is *non sequitur*. That the effect of the civil service act was to destroy a preferential treatment of veterans as contained in the prior law is not disputed. State ex rel. Kane v. Stassen, 208

Minn. 523, 294 N. W. 647. That a destruction of the prospective saving clause of the veterans preference law was accomplished likewise may be admitted. But this prospective saving clause, as its language demonstrates, was designed only to prevent piecemeal destruction of veterans' preferences by subsequent legislation which might be regarded as inconsistent with those preferences unless the subsequent law specifically so stated. It did not purport to declare what rights and remedies given veterans and pending in action should survive in the event that the veterans preference law should be "superseded, modified, amended, or repealed."

The repeal of the veterans preference law as effected by civil service is in no way determinative of the present problem, which is one of construction. Assuming that, prospectively at least, veterans' preferences are gone, we must say what the effect of repeal was upon actions then pending to enforce those preferences. Admittedly, application of the rule that a repeal destroys all inchoate rights and remedies as effectively as if the repealed statute had never existed produces the result here reached. Hertz v. Woodman, 218 U. S. 205, 30 S. Ct. 621, 54 L. ed. 1001; Wall v. Chesapeake & Ohio Ry. Co. 290 Ill. 227, 125 N. E. 20. However, courts and legislatures alike have become aware that avoidance of the oftentimes harsh and impractical consequences of the application of this rule is desirable. Thus courts, where possible, will construe the operation of the repealing law as prospective so as to preserve rights existing under the repealed law. Dash v. Van Kleeck, 7 Johns. (N. Y.) 477, 503, 5 Am. D. 291; Duke Power Co. v. South Carolina Tax Comm. (4 Cir.) 81 F. (2d) 513. However, through the means of saving clauses, legislatures have specifically stated what rights, remedies, penalties, and proceedings under the repealed laws shall be preserved. Crawford, Statutory Construction, § 296. Nevertheless, in the haste and occasional confusion of passing legislation, a legislature will at times neglect to include a specific saving clause in the repealing law, and to remedy that situation the legislatures have adopted general saving clauses. Such a clause is a rule of construction which is effective wherever

there is no subsequent or contrary legislative intention. United States v. C. St. P. M. & O. Ry. Co. (D. C.) 151 F. 84, affirmed (8 Cir.) 162 F. 835, *certiorari* denied, 212 U. S. 579, 29 S. Ct. 689, 53 L. d. 659; Cavanaugh v. Patterson, 41 Colo. 158, 91 P. 1117; Neilson v. Perkins, 86 Conn. 425, 85 A. 686. Where the legislature has left unsaid its intention with respect to pending actions, these clauses apply as much as if specifically incorporated into the repealing law. State ex rel. Ackerly v. Shepherd, 202 Iowa, 437, 210 N. W. 476; Lakeman v. Moore, 32 N. H. 410; Files v. Fuller, 44 Ark. 273.

When it said that repeal of a statute shall not "affect any right accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the law repealed," the Minnesota legislature in effect admonished the courts to apply that rule to all repealing statutes wherever the legislature had neglected to say otherwise. The instant case is within the protective scope of § 10930 by virtue of the provision which saves from the effect of repeal "any proceeding commenced" under the repealed law.

The only remaining question is whether the civil service act contains a sufficiently clear legislative intention that pending actions should fall with repeal. To my mind, examination of that act does not reveal any legislative manifestation that pending actions should fall where repeal found them. Any intention on the point is at most doubtful. Rowen v. N. Y. N. H. & H. R. Co. 59 Conn. 364, 367, 21 A. 1073. Since the legislature has provided a rule which is to be applied where no contrary intention appears, I believe it should be applied to resolve the doubt against the effectiveness of the repeal upon proceedings already commenced when the repeal took effect. See Crawford, Statutory Construction, § 296.

A positive legislative intention to strike down pending actions being absent, I view the result reached by the majority opinion as improper, unnecessary, and unjust.