

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 31, 1967

Hon. Frank C. Erwin, Jr.
Chairman, Board of Regents
 of the University of Texas
Austin, Texas

Dear Mr. Erwin:

Opinion No. M-16

Re: Whether Article 6252-7,
Vernon's Civil Statutes,
repealed Article 2908b,
Vernon's Civil Statutes.

In your recent letter to this office, you requested our opinion upon the following question:

"Has Article 2908b, Vernon's Civil Statutes, which requires students registering at state-supported colleges and universities to sign a loyalty oath, been repealed by Article 6252-7, Vernon's Civil Statutes?"

Article 2908b, Vernon's Civil Statutes, prescribes a loyalty oath and requires that such oath shall be executed ". . .by every person each time such person seeks to register for attendance in any State-supported college or university . . . ," and ". . .every person before any contract of employment between such person and a State-supported college or university is signed or renewed. . . ."

Article 6252-7, Vernon's Civil Statutes, prescribes a loyalty oath and provides by Section 1 that:

"No funds of the State of Texas shall be paid to any person as salary or as other compensation for personal services unless and until such person has filed with the payroll clerk, or other officer by whom such salary or compensation is certified for payment, an oath or affirmation stating:. . . ."

Article 6252-7 was enacted as House Bill No. 21, Acts 53rd Legislature, 1953, Regular Session, page 51, chapter 41. Section 4 of Article 6252-7 was also Section 4 of House Bill No. 21, and reads as follows:

"It is specifically provided, however, that the oath required herein shall supersede all other

- 66 -

> loyalty oaths now required by law or that may be required in appropriation Acts by the Legislature."

House Bill No. 21 did not contain the familiar and often encountered repealing clause ordinarily employed by the drafters of legislation. If the repeal inquired about was effectuated, it was by virtue of the quoted provision.[1]

Therefore, it becomes necessary that we determine the intent of the legislature as expressed by this language. Once determined, the intent of the legislature must govern. This is the primary rule of statutory construction and all other cannons of interpretation are but a means to ascertain the true meaning of an ambiguous statute. Mills County v. Lampasas County, 90 Tex. 603, 40 S.W. 403 (1897); First Natl. Bank v. Lee County Cotton Oil Co., 274 S.W. 127 (Tex.Comm.App. 1925). The language used by the legislature is plain and unambiguous, consequently, the rules of statutory construction are not applicable here. Fox v. Burgess, 157 Tex. 292, 302 S.W.2d 405 (1957).

At the heart of the matter is the meaning to be given to the term "supersede" as used in Section 4. It was through the use of this word that the legislature chose to express its intent with respect to the effective scope of House Bill No. 21. The term "supersede" is one of common use and, in arriving at its meaning in the context of Section 4, we must presume that it was deliberately selected and that the legislature intended it in the sense in which it is ordinarily used. Texas & Pac. R.R. Co. v. Railroad Comm., 105 Tex. 386, 150 S.W. 878 (1912); Cox v. Robison, 105 Tex. 426, 150 S.W. 1149 (1912); Art. 10, V.C.S.

"Supersede" has been defined by the courts to mean: To replace or set aside; to supplant; to make void, useless or unnecessary by superior power. Willbanks v. Montgomery, 189 S.W.2d 337 (Tex.Civ.App. 1945, error ref. w.o.m.). To make void or useless; or to cause to be abandoned. Hale v. Dolly Varden Lumber Co., 230 P.2d 841 (Cal.App. 1951); Jacobs v. Leggett, 295 S.W.2d 825 (Mo. 1956). To set aside; to displace; to make void, inefficacious, or useless. Dick v. King, 73

---

[1]When introduced, and when passed on first reading, House Bill No. 21 did not contain Section 4. An Amendment offered by the author of the Bill added Section 4. House Journal, February 12, 1953, p. 329.

Mont. 456, 236 Pac. 1093 (1925). See also Webster's New International Dictionary, Second Edition. The use of the term "supersede" in a statute, as where it is provided that a later enactment of the legislature shall supersede a prior expression of the legislature, is used in the sense of repeal. Randle v. Payne, 107 So.2d 907 (Ala.App., 1958); Butters v. Railroad & Warehouse Comm., 209 Minn. 530, 296 N.W. 906 (1941).

Thus, it clearly appears from the language used in Section 4 of House Bill No. 21 /Article 6252-7/ that the legislature intended to "set aside", "supplant", "make void", render "inefficacious", all other laws which prescribed or required a loyalty oath at the effective date of the Act. Where the language used by the legislature clearly expresses its purpose it will be enforced according to the words used and there is nothing to be construed. Central Education Agency v. Ind. Sch. Dist., 152 Tex. 56, 254 S.W.2d 357 (1953); Wall v. Wall, 172 S.W.2d 181 (Tex.Civ.App. 1943, error ref. w.o.m.).

Therefore, in answer to your question, you are hereby advised that it is our opinion that Article 6252-7, Vernon's Civil Statutes, repealed Article 2908b, Vernon's Civil Statutes, and students applying for admission to state-supported colleges and universities are not required to execute the loyalty oath prescribed by Article 2908b as a prerequisite for admission to such institutions.

S U M M A R Y

Article 2908b, V.C.S., which prescribed a loyalty oath and required that all applicants for admission to state-supported colleges and universities execute such loyalty oath as a prerequisite for admission to such institutions, was repealed by Article 6252-7, V.C.S. /H.B. No. 21, Acts. 53rd Leg., 1953, R.S., p. 51, ch. 417.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General
WOS:sck

Hon. Frank C. Erwin, Jr., page 4, (M-16)


APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
J. C. Davis
John Reeves
John Grace
Marietta Payne

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.