Ralph **SCHREINER**, as Trustee Under the Minnesota Wrongful Death Act for the Next of Kin of Nicholas Schreiner, Deceased, Appellant,

v.

Robert John **SCHMITZ**, et al., Third Party Plaintiffs, Respondents,

v.

Judith Ann **SCHREINER**, Third Party Defendant, Respondent.

No. C3–87–1473.

Court of Appeals of Minnesota.

Jan. 26, 1988.

Review Granted April 4, 1988.

L. Michael Hall, P.A., L. Michael Hall, James A. Lavoie, St. Cloud, for appellant.

Robert S. Cragg, Daniel Eugene Fobbe, Minneapolis, for third party plaintiffs, respondents.

Michael T. Milligan, Steven R. Schwegman, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for third party defendant, respondent.

Hubert H. Humphrey, III, Atty. Gen., Paul K. Kohnstamm, Asst. Atty. Gen., St. Paul, amicus curiae.

Heard, considered and decided by FOLEY, P.J., and SCHUMACHER and STONE,* JJ.

## OPINION

SCHUMACHER, Judge.

This is an appeal from the trial court's entry of judgment after a jury verdict in a wrongful death action. Appellant claims error on various grounds, including a constitutional challenge to the future damages discount provision of the Tort Reform Act, Minn.Stat. § 604.07 (1986).

## FACTS

Two and one-half year old Nicholas Schreiner was killed in an automobile accident, when the car driven by his mother collided with a garbage truck driven by Robert Schmitz and owned by Town & Kountry Sanitation Company. The Schreiner vehicle was traveling on a county highway when the garbage truck backed out of a driveway and into its path.

The case was tried to a jury and on February 24, 1987 the jury returned a ver-

dict for past damages in the amount of $11,875 and future damages in the amount of $193,125. The trial court reduced the future damages to a present value of $73,896.08. This appeal raises only the issue of damages. Appellant challenges the constitutionality of the discount provision of Minn.Stat. § 604.07, both on its face and as applied in this case.

After appellant filed his brief, we decided *Kleeman v. Cadwell*, 414 N.W.2d 433 (Minn.Ct.App.1987), and *Johnson v. Farmers Union Central Exchange, Inc.*, 414 N.W.2d 425 (Minn.Ct.App.1987) *pet. for rev. denied*, (Minn. Nov. 24, 1987). In *Johnson*, this court upheld the discount provisions against claims of vagueness, due process, equal protection, and a certain remedy. In *Kleeman*, we held that the unusually high discount rate did not violate the right to due process or the certain remedy clause, and that the application of the discount by the judge rather than the jury did not violate the right to a jury trial. These were narrow rulings, and appellant has raised questions which were not answered in these two cases.

## ISSUES

1. Did the trial court err in failing to instruct the jury that it should find future damages in gross and that the court would make a reduction to present value?

2. Did the trial court deprive appellant of his constitutional right to a certain remedy by failing to require the jurors to allocate future damages among the next of kin and over time?

3. Is the discount statute rationally related to a legitimate purpose?

## ANALYSIS

### I.

The discount provision of the Tort Reform Act requires that all future damages in personal injury actions be discounted to present value:

In all actions seeking damages for personal injury, wrongful death, or loss of

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

means of support, awards of all future damages, including economic, noneconomic and intangible loss, reasonably certain to occur must be discounted to present value as provided in this section. Minn.Stat. § 604.07, subd. 2 (1986). Schreiner contends that the application of the discount provision is an unconstitutional deprivation of his right to a jury trial and a certain remedy because the jury was not advised, either by way of instructions or arguments of counsel, that it should find damages in gross or that the court would reduce the damage award to present value. Prior to closing arguments, the trial court ruled that counsel were to refrain from explaining the discount to the jury and that the court would not give any instruction regarding adjustments for discount to present value.

Whether a jury should be advised of the discount to present value under the Tort Reform Act is an issue of first impression. Appellant contends that the instruction is necessary for the jury to properly understand the amount of damages it is awarding. The purpose of giving the instruction would be to insure against the risk of double discounting. Without knowing about the discount, the jury may calculate an award in gross and make its own reduction to the present value of the award. It appears from the transcript that the trial court recognized the fact that the jury may do its own discount, and that there is no way for the court to know how the jury calculated its final award. However, the trial court elected to follow the jury instruction guides, which provide that no instruction on the discount factor should be given. 4 Minnesota Practice, CIV. JIG 162 (1986).

Prior to the enactment of Minn.Stat. § 604.07, the Minnesota Supreme Court had required that certain damages be discounted to present value and also allowed the jury to consider the effect of inflation in reaching its award. *Ossenfort v. Associated Milk Producers, Inc.*, 254 N.W.2d 672, 684 (Minn.1977). After balancing the conflicting policies of preventing both undercompensation and overcompensation,

the *Ossenfort* court held that evidence of inflation would be allowed. *Id.*

■ The instruction regarding the discount provision is necessary for the same reason it was previously necessary to instruct the jury regarding interest rates. As the court in *Ossenfort* stated:

We have ourselves held that a jury may consider the current inflationary trend of the economy in arriving at an award of damages. *Moteberg v. Johnson*, 297 Minn. 28, 210 N.W.2d 27 (1973). In allowing courts to instruct and counsel to argue that the jury may consider inflation, we have taken the position that inflation is a fact of life which cannot fairly and realistically be ignored.

*Ossenfort*, 254 N.W.2d at 684. On the same rationale as interest evidence was allowed in *Ossenfort*, the trial court may advise the jury regarding the future damages discount provision.

■ Respondents argue that there is no risk of double discounting and that such an instruction would violate Minn.R.Civ.P. 49.-01. Rule 49.01 applies to special verdicts and provides in pertinent part as follows:

Except as provided in rule 49.01(2), neither the court nor counsel shall inform the jury of the effect of its answers on the outcome of the case.

Minn.R.Civ.P. 49.01. Respondents argue that advising the jury of the discount would be informing it of the effect of its answers on the outcome of the case. However, a carefully worded instruction may not violate rule 49.01 and may be necessary to ensure a fair and reasonable verdict. For example, in *Bianchi v. Nordby*, 409 N.W.2d 835 (Minn.1987), the Minnesota Supreme Court affirmed the trial court's instruction to the jury as follows:

You are specifically instructed that any adjustments for discount to present value, inflation, or other similar economic factors will be made by the Court to the extent required by law.

*Id.* at 839.

The *Bianchi* instruction does not violate Rule 49.01 because it does not relate directly to the effect of the jury's answers on the

outcome of the case. What Rule 49.01 is intended to prohibit is confusing or misleading the jury by advising it regarding the legal effect of its answers to special interrogatories.

What is required of jury instructions is that the charge as a whole convey a clear and correct understanding of the law of the case. The trial court must be given considerable latitude regarding the specific language used, as long as the instruction correctly states the substance of the law. *Bianchi v. Nordby*, 409 N.W.2d at 839.

■ In this case, the trial court instructed the jury regarding damages as follows:

> In considering damages for [appellant], you must determine an amount of money which will fairly compensate all of the next of kin for their pecuniary loss arising from the death of decedent * * *.
>
> Damages in Question One and Two should each be a single sum representing the pecuniary loss of all of the next of kin.

This instruction was inadequate to give the jury a reasonable understanding of the law as it relates to determination of the amount of damages. For the jury to properly perform its function as a finder of fact, it needs to be instructed to find future damages in gross, and that the trial court will make adjustments for discount to present value. Without the instruction, courts run the risk of gross undercompensation if the jury were to discount an award on its own. There is also some risk that the jury may artificially inflate an award if a misleading instruction regarding the discount to present value is given. The best path to a fair and accurate verdict amid these competing interests is for courts to instruct the jury regarding the discount provision and to allow counsel to comment on it in final argument.

■ The constitutionally guaranteed right to a jury trial requires that the jury be instructed in a manner which will allow it to fairly and realistically resolve all fact issues. In this case, failure to instruct the jury regarding the future damages discount amounted to a violation of appellant's constitutional right to a jury trial and is

thus reversible error. *Landgraf v. Ellsworth*, 267 Minn. 323, 326, 126 N.W.2d 766, 768 (1964). This error in jury instructions, however, does not require that the statute be struck down as unconstitutional.

The instruction given in *Bianchi* is adequate in that it advises the jury that it should not make adjustments for inflation or other similar economic factors. The *Bianchi* instruction is a clear and correct statement of the law, and is simple and concise so as not to mislead or confuse the jury.

### II.

Schreiner next contends that the jury rather than the judge should have apportioned the damage award between the next of kin, and that the jury also should have been required to apportion the award over time.

■ The first contention is without merit. Appellant concedes that Minn.Stat. § 573.02 (1986) specifically requires that the court make the allocation between the next of kin, but argues that § 573.02 predates the discount statute and the two together create an uncertainty in how the award will be distributed in violation of his right to a certain remedy. However, it is not apparent why allowing the jury rather than the judge to make this allocation would present appellant with a more predictable result or a more certain remedy. Nor does the court's distribution among the next of kin violate appellant's right to a jury trial, as this method has been upheld by the Minnesota Supreme Court. *See, e.g., Rath v. Hamilton Standard Division of United Technologies Corp.*, 292 N.W.2d 282 (Minn.1980).

■ Second, appellant asserts that the jury should have been required to allocate the damages over time. In order to submit detailed, year by year interrogatories to the jury regarding the amount of damage sustained in each year, evidence must be presented to show that damages would have occurred other than uniformly over time. In *Kleeman v. Cadwell*, this court stated:

Unless there is evidence to support submitting the issue of damages to the jury on a different basis, a verdict form which requires only a determination of the total future damages and the years over which they will be sustained is appropriate. * * * Thus unless it appears from the evidence that damages will be sustained unevenly, which makes a more detailed verdict form appropriate, damages may be assumed to be spread more or less evenly over the specified time period.

*Kleeman v. Cadwell,* 414 N.W.2d at 436 (citations omitted). A thorough review of the record reveals that appellant presented no evidence to show that the damages should be allocated other than evenly over time. In denying appellant's motion to have the damages allocated over time, the trial court reasoned that because appellant had failed to present any evidence of varying damages from year to year, the special verdict form would not so provide.

Appellant contends that he did not present this evidence because the trial court prohibited his damages witnesses from testifying. Appellant has cited several references to questions asked of certain relatives as to their expectations about their relationship to the decedent in the future. The objections to these questions were properly sustained by the trial court because the witnesses were asked to speculate, and because each witness lacked the necessary foundation to answer the questions. Even if the evidence would have been allowed, speculative testimony would not have provided sufficient evidence to require an uneven distribution of damages.

Appellant attempted to introduce expert testimony which may have laid the foundation for the testimony of the other damages witnesses, but appellant did not disclose this expert or the nature of his testimony until the eve of the trial. The trial court properly exercised its discretion in disallowing the testimony as unfairly prejudicial.

### III.

Finally appellant argues that the statute is so unrelated to its statutory purpose that it denies injured persons due process of law. This issue was directly confronted in *Kleeman,* 414 N.W.2d at 438, where this court held that the statute was reasonably related to statutory purposes. That analysis is persuasive here.

### DECISION

Appellant has not shown that Minn.Stat. § 604.07 is unconstitutional. However, the trial court committed reversible error in not instructing the jury regarding the future damages discount. Therefore, the trial court's judgment is hereby affirmed in part; and reversed and remanded for a new trial on the issue of damages, with the jury being instructed in accordance with this opinion.

Affirmed in part, reversed in part and remanded for new trial on the issue of damages.