**Natalie M. OLSEN, Appellant,**

v.

**SPECIAL SCHOOL DISTRICT # 1, et al., Respondents.**

**No. C9–87–2353.**

Court of Appeals of Minnesota.

July 26, 1988.

Mitchel I. Kirshbaum, John N. Renckens, Mitchel I. Kirshbaum, P.A., Minneapolis, for appellant.

Deborah L. Crowley, Baukol, Nyberg, Simpson & Crowley, Golden Valley, for respondents.

Heard, considered, and decided by FOLEY, P.J., and NIERENGARTEN and SCHULTZ*, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from an order denying motions for a new trial, additur, judgment notwithstanding the verdict, and amended findings. The appellant contends the district court erred by failing to advise the jury that awards for future damages would be discounted to present value and by denying certain costs and disbursements. We affirm in part, reverse in part and remand.

## FACTS

Appellant Natalie Olsen was injured in 1982 while participating in a junior high gym class. Olsen sued the school district and gym teacher alleging negligence. An eyewitness and a chiropractor testified at the July 1987 trial by videotape deposition. A second chiropractor and an orthopedic surgeon also testified in person on Olsen's behalf. The court did not instruct the jury that any award for future damages would be discounted to present value and it did not allow Olsen's attorney to inform the jury about the discounting.

The jury apportioned the negligence among the school district (70 percent), the gym teacher (10 percent), and Olsen (20 percent), and determined Olsen incurred $14,410.75 in damages to the date of trial. The jury also determined $12,000 would compensate Olsen for her future medical expenses, pain and disability. The court reduced the total damages by twenty per-

cent reflecting Olsen's negligence, reduced the award for future damages to a present value of $2,971.832, and awarded Olsen a total judgment for $14,500.46.

Olsen moved for a new trial asserting the district court erred by denying her motion for permission to inform the jury about the discounting. Olsen also moved to tax costs and disbursements for videotaped testimony and witness fees, the costs of which exceeded the amounts customarily allowed by the district court administrator. The district court denied Olsen's motion for a new trial and denied her motion for taxation of additional costs and disbursements because the court found the additional amounts were "unreasonable."

## ISSUES

1. Do 1988 Minn.Laws chapter 503, sections 5 and 6 which repeal the future damages discount statute apply to a case which was tried before the effective date of the repeal but was pending appellate review at the time of the repeal?

2. Did the district court abuse its discretion by denying the appellant's motion for costs and witness fees which exceeded the amount allowed by the district court administrator?

## ANALYSIS

At the time of Olsen's trial, awards for future damages were discounted to present value under a statutory formula. *See* Minn.Stat. § 604.07, subds. 2, 4 (1986). Six months after Olsen's trial, this court held that failure to instruct the jury about the future damages discount was "reversible error." *See Schreiner v. Schmitz*, 418 N.W.2d 206, 210 (Minn.Ct.App.1988), *pet for rev. granted* (Minn. Apr. 4, 1988); *see also Bianchi v. Nordby*, 409 N.W.2d 835, 839–40 (Minn.1987) (a jury instruction informing the jury that the court would perform the discounting required by section 604.07 was approved by the supreme court). In light of our *Schreiner* decision, we must conclude the district court erred by failing to instruct the jury that the court

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

would perform the discounting required by Minn.Stat. § 604.07. Consequently, Olsen would have been entitled to a new trial on the issue of damages. However, while Olsen's case was pending review before this court the legislature repealed the future damages discount statute, effective April 13, 1988. *See* 1988 Minn.Laws ch. 503, § 5.

### 1. Repeal of the Discount Statute

■ The repeal of the discount statute applies "to all cases pending or brought on or after that date." *See id.* § 6. We therefore must decide what, if any, effect the repeal of the discount statute has on this case, which was tried in July 1987 and timely appealed in December 1987.

> The general rule * * * is that an appellate court must apply the law in effect at the time it renders its decision.

*Thorpe v. Housing Authority of Durham,* 393 U.S. 268, 281, 89 S.Ct. 518, 525–526, 21 L.Ed.2d 474 (1969) (footnote omitted). *See Ziffrin, Inc. v. United States,* 318 U.S. 73, 78, 63 S.Ct. 465, 468–469, 87 L.Ed. 621 (1943) ("A change in the law between a [trial court] and an appellate decision requires the appellate court to apply the changed law."). The matter is not that simple, however. There are three factors we must consider in determining whether the repeal of the discount statute applies to this case. We must consider (a) whether the repeal of the discount statute was intended to be retroactive; (b) whether repeal of the discount statute adversely affects private vested rights; and (c) whether a case on appellate review is a "pending" case within the meaning of 1988 Minn. Laws chapter 503, section 6.

#### (a) retroactivity

> The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature.

Minn.Stat. § 645.16 (1986).

> The repeal of any law shall not affect any right accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the law repealed. Any civil suit, action, or proceeding pending to enforce any right under the authority of the law repealed shall and may be proceeded with and concluded under the laws in existence when the suit, action, or proceeding was instituted, notwithstanding the repeal of such laws; or the same may be proceeded with and concluded under the provisions of the new law, if any, enacted.

Minn.Stat. § 645.35 (1986).

The rule of statutory interpretation concerning the repeal of a statute during the pendency of an action allows the court to apply either old law or the newly enacted law.

*County of Hennepin ex rel. Bartlow v. Brinkman,* 378 N.W.2d 790, 792 (Minn. 1985) (citing Minn.Stat. § 645.35). *But see* Minn.Stat. § 645.21 (1986) ("No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature."). Section 645.35 is "simply declaratory of a statutory rule of construction" and indicates "what the legislature intends shall be the effect of a repealing statute unless its contrary intention is made plainly to appear in the repealing statute itself." *State v. Chicago Great Western Railway,* 222 Minn. 504, 510, 25 N.W.2d 294, 297 (1946). We believe the legislation repealing the future damages discount statute should be applied retroactively because (i) the language, (ii) the effective date, and (iii) the remedial nature of the legislation indicate the legislature's intention to make repeal of the discount statute retroactive. *See* Minn.Stat. § 645.16 (1986).

#### (i) language

The language of the legislation states the discount statute will not apply to cases *"pending"* on the effective date. *See* 1988 Minn.Laws ch. 503, § 6. We do not believe the legislature would have applied the legislation to cases which were instituted prior to the repeal but not yet finally decided at the time the repealing law was enacted, unless the legislature intended the repeal to have retroactive effect.

#### (ii) effective date

The legislature also established an immediate effective date for the repeal and did not allow the repeal to become operative

under statutory provisions. *See* Minn.Stat. § 645.02 (Supp.1987) (unless otherwise specified, session laws become effective August 1 or July 1 next following enactment).

### (iii) remedial nature

Finally, legislative subcommittee and committee deliberations indicate the "tort reform modification bill" reported out of the house subcommittee and the judiciary committee's final decision to recommend outright repeal of the discount statute were remedial in nature and were intended to correct perceived inequities in the statute, particularly as it related to future damages awarded to young persons with long life expectancies and recurring injury-related expenses. *See, e.g.,* Hearings on H.F. 1493 Before the Civil Law Subcommittee of the House Judiciary Committee, 75th Leg., 1988 Reg.Sess. (tape recording of March 11, 1988 hearing). The conclusion seems inescapable that the legislature intended to make repeal of the discount statute retroactive.

### (b) vested interests

[T]he private right of parties which have been vested by the judgment of a court cannot be taken away by subsequent legislation, but must be thereafter enforced by the court regardless of such legislation.

*Hodges v. Snyder,* 261 U.S. 600, 603, 43 S.Ct. 435, 436, 67 L.Ed. 819 (1923). The school district contends it has an "accrued right" in Olsen's reduced judgment because its obligation to pay the reduced judgment was established at trial when the future damages discount statute was in force. It is true that certain vested rights may not be impaired or extinguished by subsequent legislation. Retroactive or curative legislation is prohibited by the fourteenth amendment "when it divests any private vested interest." *Holen v. Minneapolis–St. Paul Metropolitan Airports Commission,* 250 Minn. 130, 137, 84 N.W. 2d 282, 287 (1957). "Retrospective legislation in general * * * will not be allowed to impair rights which are vested and which constitute property rights." *Wichelman v. Messner,* 250 Minn. 88, 107, 83 N.W.2d 800,

816 (1957). However, the "accrued right" claimed must, in fact, be vested.

"[A] right is not "vested" unless it is something more than a mere expectation, based on an anticipated continuance of present laws. It must be some right or interest in property that has become fixed or established, and is not open to doubt or controversy."

*Schwarzkopf v. Sac County Board of Supervisors,* 341 N.W.2d 1, 8 (Iowa 1983) (quoting *Leach v. Commercial Savings Bank,* 205 Iowa 1154, 1165, 213 N.W. 517, 521 (1927)). *See Snortum v. Snortum,* 155 Minn. 230, 233, 193 N.W. 304, 306 (1923) (a "vested right" or "vested interest" means "some right or interest in property that has become fixed or established").

■ Under the circumstances of this case, we do not believe the school district's interest in Olsen's reduced judgment is vested because the interest is not yet "fixed or established." Olsen's judgment was suspended when she appealed and the extent of the school district's liability became subject to modification by this court when the appeal was perfected. *See State v. Chicago Great Western Railway,* 222 Minn. at 511, 25 N.W.2d at 298 ("There is no vested right in an action until final judgment has been entered therein."); *McClelland v. McClelland,* 393 N.W.2d 224, 227 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Nov. 17, 1986) ("there is no mature or vested right in an existing law or action until a final judgment has been entered").

■ The remedial character of the repealing legislation and the procedural nature of the discounting provisions of Minn. Stat. § 604.07 (1986) also suggest the school district's interest in the reduced judgment is not a vested interest. "No [person] has a vested right to a mere remedy, or in an exemption from it." *Donaldson v. Chase Securities Corp.,* 216 Minn. 269, 275, 13 N.W.2d 1, 4 (1943), *aff'd,* 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945) (quoting *Kipp v. Johnson,* 31 Minn. 360, 363, 17 N.W. 957, 959 (1884)). *Cf. Peterson v. City of Minneapolis,* 285 Minn. 282, 288, 173 N.W.2d 353, 357 (1969)

("It is generally held that legislation dealing only with remedies and procedures are not beyond the reach of retroactive legislation.").

It is true that statutes—especially those regulating conduct or creating rights—should not be construed as retrospective in their application, unless the contrary appears to have been intended by the legislature. * * * *The right to have one's controversies determined by existing rules of procedure and evidence is not a vested right.*

*Fish v. Chicago, St. Paul & Kansas City Railway,* 82 Minn. 9, 11, 84 N.W. 458, 459 (1900) (citation omitted; emphasis added). *Cf. United Realty Trust v. Property Development and Research Co.,* 269 N.W.2d 737, 742 (Minn.1978) (giving retroactive effect to the repeal of the usury laws "denies no party of a vested right"); *State ex rel. Butters v. Railroad and Warehouse Commission,* 209 Minn. 530, 534, 296 N.W. 906, 908 (1941) (the relator's right to recover depended upon the veterans preference law which "was repealed before relator acquired any vested right to damages under it"; the legislature did not express an intention that the relator's "inchoate right" should survive after the repeal).

In *Peterson v. City of Minneapolis,* 285 Minn. 282, 173 N.W.2d 353 (1969), the supreme court concluded the trial court should have submitted the comparative negligence rule to the jury even though legislation establishing the comparative negligence rule was not in effect at the time of the injuries. The court noted that retroactive application of the comparative negligence law might result in different recoveries than might have resulted under the contributory negligence rule, but concluded:

[W]e think * * * the legislature had the constitutional right to determine this question of policy and that it did not affect a right which could be considered such a vested right as to prohibit constitutionally any change in it.

*Id.* 285 Minn. at 290, 173 N.W.2d at 358.

### (c) cases "pending"

The repeal of Minn.Stat. § 604.07 applies to all cases "pending" on or after the effective date of the repealing legislation. *See* 1988 Minn.Laws ch. 503, § 6. It does not appear to the court that it would have been unduly burdensome for the legislature to define the term "pending." However, it did not and as a consequence the burden is shifted to the courts to declare precisely what that term is intended to mean. Olsen's case was tried and her notice of appeal was filed before the discount statute was repealed. The issue then is whether a case pending appellate review at the time of the repeal is a "pending" case within the meaning of 1988 Minn.Laws chapter 503, section 6.

The supreme court addressed the issues of vested interests and amendatory legislation in *Holen v. Minneapolis–St. Paul Metropolitan Airports Commission,* 250 Minn. 130, 84 N.W.2d 282 (1957).

When the legislature changes the law while a case is pending, but prior to the rendition of judgment, the court may not perpetuate the old law but must apply the new. There is no vested right in an existing law nor in an action until *final* judgment has been entered therein. An appeal suspends a judgment and deprives it of its finality, and that lack of finality continues until the appeal is dismissed or until the appellate court has pronounced its decision. Since a court has no power to perpetuate a rule of law which the legislature has either changed or repealed, it follows that amendatory or curative legislation, though enacted after the rendition of a judgment and pending the appeal, must govern the final disposition of the case upon appeal.

*Id.* 250 Minn. at 136–37, 84 N.W.2d at 287 (footnotes omitted; emphasis in original). *Holen* involved a judgment affecting *public* rights rather than *private* rights. However, in *County of Hennepin ex rel. Bartlow v. Brinkman,* 378 N.W.2d 790 (Minn. 1985), the parties were private individuals asserting private rights. After the court of appeals reversed the district court's default judgment, the statute establishing an evidentiary issue in paternity suits was repealed. On further appeal, the supreme

court cited its *Holen* decision and stated: "This court has ruled that an action on appeal shall be regarded as a pending action." *See id.* 378 N.W.2d at 792.

The supreme court's decision in *Holen* expressly speaks of a "final" judgment. If a case is appealed, the judgment generally is not final until the appellate court renders a decision. *See Holen,* 250 Minn. at 136, 84 N.W.2d at 287; *see also State v. Coolidge,* 282 N.W.2d 511, 514–15 (Minn.1979) (a statute mitigating punishment applies to acts committed before its effective date, "as long as no final judgment has been reached. * * * If there are no further appeals, our decision will render the judgment final."); *State v. Hamilton,* 289 N.W.2d 470, 474–75 (Minn.1979) (the statute under which the defendant was convicted subsequently was repealed; "Of course judgment is not yet final in defendant's case.").

It is immaterial that action was commenced and trial had before repeal. Relator's remedy under the former statute was not yet perfected by final judgment. In that incomplete status, it was equally subject to destruction by repeal of the statute without which it was lifeless.

*State ex rel. Butters v. Railroad and Warehouse Commission,* 209 Minn. at 533, 296 N.W. at 908. *See Brezinka v. Bystrom Brothers, Inc.,* 403 N.W.2d 841, 843 (Minn.1987) (a case awaiting further action after remand "remained pending").

"* * * There is some conflict of decision in the various jurisdictions as to whether a case should be determined according to the law in effect when the judgment was rendered in the lower court or according to the law in effect at the time the cause was disposed of on appeal, but both reason and the weight of authority seem to point to the view that, where a statute which is clearly intended to be retroac-tive and to apply to pending litigation is enacted after judgment and pending appeal, the Appellate Court may dispose of the case in accordance with the law as changed by the statute. * * * 'It is in the general true that

the province of an Appellate Court is only to inquire whether a judgment when rendered was erroneous or not. But if subsequent to the judgment and before the decision of the Appellate Court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied.' *United States v. Schooner Peggy,* [5 U.S. 103] 1 Cranch 103, 2 L.Ed. 49. * * *."

*Donaldson,* 216 Minn. at 277–78, 13 N.W.2d at 5 (quoting *Robinson v. Robins Dry Dock & Repair Co.,* 238 N.Y. 271, 281, 144 N.E. 579, 582 (1924)). In accord with these authorities, we can only conclude Olsen's case is a "pending" case within the meaning of 1988 Minn.Laws ch. 503, § 6. Her case was on appeal and her judgment was not yet final when the future damages discount statute was repealed.

Since the legislature intended the repeal to be applied retroactively, the school district has no vested right in Olsen's reduced judgment, and Olsen's case is a "pending" case within the meaning of the law repealing the discount statute, we conclude Olsen's award for future damages should not be discounted to present value under Minn.Stat. § 604.07 (1986).[1]

Some litigants who may be adversely affected by this decision may claim it is unfair because their cases were tried based upon the existing discount statute. It is difficult for this court to accept that argument. We can think of no significant change in pleadings or trial tactics that would have been occasioned by the passage of Minn.Stat. § 604.07 (1986). The statute

---

1. Our decision that the future damages discount statute does not apply to this case, even though the statute was in effect when the case was tried, is based on the unique facts of this case. Olsen's case was a "pending" case within the meaning of the repealing legislation because she perfected a timely appeal, her case was pending review in this court at the time the discount statute was repealed, and her judgment was not yet final. This decision does not affect judgments which became final prior to the repeal of the discount statute; nor does it affect judgments from which the parties did not timely appeal. *Cf. State v. Hamm,* 423 N.W.2d 379, 386 (Minn.1988) (defendants "who have not previously raised the issue, * * * are deemed to have waived the objections to a six-person jury").

may have caused a different settlement pattern but beyond that, the change in discounting has nothing to do with the theory of a case. *See Holen*, 250 Minn. at 135, 84 N.W.2d at 286 ("It is true that, regardless of how erroneous or improvident the theory upon which a case was tried below, litigants are usually bound by such theory, and upon appeal it is the general rule that this court will not consider questions which were not presented to or decided by the trial court.").

Notwithstanding our conclusion that the discount statute does not apply to Olsen's case, the future damages portion of Olsen's judgment still is subject to discounting according to the law in effect before the discount statute was enacted. *See County of Hennepin ex rel. Bartlow v. Brinkman*, 378 N.W.2d at 792–93 (the legislature repealed an enforcement provision for court-ordered blood tests in May 1985; the supreme court applied an evidentiary rule established in a 1979 supreme court decision which predated the uniform parentage act).

Future medical expenses historically were subject to discounting by the jury. *See, e.g., Ahlstrom v. Minneapolis, St. Paul & Sault Ste. Marie Railroad*, 244 Minn. 1, 68 N.W.2d 873 (1955) (cost of daily health attendant care was discounted); *Busch v. Busch Construction, Inc.*, 262 N.W.2d 377 (Minn.1977) (injured parties' future medical expenses were discounted to present value by jury). We therefore remand for a new trial on the issue of future medical expenses.[2] We believe a new trial is necessary because the jury was not informed about discounting and did not benefit from the type of discounting instruction that existed prior to the enactment of Minn.Stat. § 604.07 (1986). We also firmly agree that a jury "is generally left to its own good discretion as to what discount factor should actually be used." *See*

*Busch*, 262 N.W.2d at 396. On remand, the school district may present evidence of discounting factors and request an instruction on discounting future medical expenses to present value. *See Steinhaus v. Adamson*, 304 Minn. 14, 21, 228 N.W.2d 865, 869 (1975) ("it was error for the trial court to refuse to instruct the jury that any amount it awarded for loss of future earnings capacity must be reduced to its present value"); *Busch*, 262 N.W.2d at 396 (a jury instruction which stated "damages must be discounted to present cash value" fairly stated the "substance of the law"). The district court may use the standard jury instruction pre-existing the discount statute for determining future medical costs and the present value of future damages. It is within the court's discretion to instruct the jury on the impact of inflation on future medical costs. *See Ossenfort v. Associated Milk Producers, Inc.*, 254 N.W.2d 672, 684 (Minn.1977).

### 2. Costs and Disbursements

In every action in a district court, the prevailing party * * * shall be allowed reasonable disbursements paid or incurred, * * *.

Minn.Stat. § 549.04 (1986). The decision to allow costs and disbursements is discretionary with the district court and will not be reversed absent an abuse of discretion. *See Jonsson v. Ames Construction, Inc.*, 409 N.W.2d 560, 563 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Sept. 30, 1987). "The standard by which the court's discretion is measured is whether expenditures are *reasonable." Id.* (emphasis in original).

Olsen moved to tax costs and disbursements which exceeded the amounts the district court administrator will approve absent an order from the district court. The district court granted Olsen's motion for taxation of costs only "insofar

---

**2.** The jury also awarded Olsen $2,000 for future pain and disability. However, since pain and suffering are not subject to precise mathematical calculation and are distinct damages which typically were not reduced to present value, we remand only for a new trial on future medical expenses. *See Busch*, 262 N.W.2d at 397 ("The purpose of giving damages for pain and suffer-

ing is to compensate the injured party for his loss, not to reimburse him for his future expenses"); *Ahlstrom*, 244 Minn. at 29–30, 68 N.W.2d at 891 ("Unlike loss of earnings or the cost of a medical attendant, pain, suffering, and disability recoveries cannot be reduced to mathematical formulae, and on this theory they have been exempted from deductions for present worth.").

as it conforms with the Administrator's determinations." Olsen contends the court abused its discretion by disallowing costs for witness fees; transcript, video, and video technician fees; and discovery deposition transcripts. The school district contends the costs requested by Olsen were excessive, unreasonable, and cumulative.

"[A]bsent a specific finding that the costs were unreasonable, the court *shall* approve recovery of disbursements." *Jonsson*, 409 N.W.2d at 563 (emphasis in original). The district court found the excess amounts requested by Olsen were "unreasonable." After reviewing the record we cannot conclude the district court abused its discretion. Accordingly, the court's denial of the excess costs and disbursements is affirmed.

## DECISION

The future damages discount statute does not apply to this case. Olsen's case is a "pending" case within the meaning of 1988 Minn.Laws ch. 503, § 6 because her case was pending appellate review and her judgment was not final when Minn.Stat. § 604.07 (1986) was repealed. This case is remanded for a new trial on the issue of future medical expenses. The school district may present evidence of discounting factors and may request a jury instruction on discounting future damages to present value. The court may instruct on the impact of inflation on future medical costs. The district court may use the standard jury instruction pre-existing the discount statute for determining future medical costs and the present value thereof.

The district court did not abuse its discretion by denying Olsen's request for costs and disbursements in excess of the amounts approved by the district court administrator because the court expressly found the additional costs and disbursements were unreasonable.

Affirmed in part, reversed in part and remanded.